(102 So. 101)

## McINTOSH v. HILL. (8 Div. 664.)

(Supreme Court of Alabama. Nov. 20, 1924.)

Estoppel ⬌95—Part owner held estopped from asserting title to fixtures sold to enforce mortgage and landlord's lien.

Where part owner of fixtures, whose interest was not mortgaged, purchased the fixtures at sale by mortgagee of the other part owner's interest, knowing that mortgagee intended to enforce mortgage debt and claim for rent in the same sale, and did not indicate that his interest was not subject to landlord's lien, he is estopped by silence from claiming that his interest was not included in sale.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Bill in equity by T. C. Hill against J. H. McIntosh. From a decree for complainant, respondent appeals. Reversed and rendered.

By his amended bill complainant avers that he, the complainant, and J. H. McIntosh, the respondent, are joint owners and tenants in common of certain barber shop fixtures, particularly described, which property cannot be equitably divided between them, and prays a sale thereof for division of the proceeds. Respondent filed answer and cross-bill setting up these facts:

In 1910 respondent rented his building to one Arnold for use as a pool room and soft drink stand, a barber shop being later substituted for the drink stand. In 1921 Arnold sold his interest in the pool room and barber shop fixtures to one Barrett, who took over and assumed the lease of the premises. In these dealings complainant was not known to respondent.

In January, 1923, Arnold sold and transferred to respondent a mortgage executed to him by Barrett to secure the purchase price of the properties. In August thereafter Barrett was due respondent $1,481.84 for accumulated rents, and thereupon authorized respondent to sell, either privately or publicly, the properties for the satisfaction of rents. Thereafter, on August 27, respondent sold the properties at public outcry, conducting the sale in strict conformity with the provisions of the Barrett mortgage and contract, and complainant bought in the property for $1,400. The pool room property was subject to the superior lien of the city for unpaid license, and this lien was enforced in the courts, leaving respondent's lien only against the barber shop fixtures.

Negotiations between complainant and respondent led up to an agreement by which complainant should, and did, purchase the barber shop fixtures for the sum stated at the sale on August 27th, complainant to secure respondent for the purchase price and to go into possession under the terms of the lease made by Barrett with respondent. Within a few days thereafter complainant decided not to take the property, whereupon respondent took it over and has since been in possession under bona fide claim of ownership. By this pleading respondent asserts that complainant is estopped from denying the validity of the sale and from asserting any right or title to the property, for the reason that complainant knew all the circumstances surrounding the sale of August 27th, that the whole property was being sold to satisfy the rent lien against it, and that complainant made no objection thereto.

Complainant answered the cross-bill, setting up that the barber shop fixtures were bought and jointly owned by complainant and Arnold, who installed and operated the shop as a partnership with respondent's knowledge, but that complainant never had any rent contract with respondent; that, subsequently, Arnold sold his interest to Barrett, taking a mortgage on the pool room fixtures and on half interest in the barber shop fixtures, which mortgage was transferred to respondent; and that neither Barrett nor Arnold made any claim to complainant's half interest in the barber shop property—which fact was known by respondent. Complainant further alleges that while the barber shop was in respondent's building, and prior to the sale, complainant paid monthly to Arnold or to Barrett his portion of the rental, which complainant believes was paid to respondent; that complainant's half interest in the barber shop property was not included in the sale of August 27th; that complainant, in bidding in the property at such sale, acted not for himself but as the agent of respondent and at his request; that he had no such agreement as that shown by the cross-bill, and did not agree to buy in the property for himself at the price stated, for the reason that he already owned a half interest in it and that the amount stated was more than the property was worth.

After hearing on pleading and proof, the trial court decreed complainant entitled to the relief prayed, and adjudged that the property be sold for division of the proceeds between the parties.

Williams & Chenault, of Russellville, for appellant.

The conduct of complainant estopped him to assert the invalidity of the sale. 16 Cyc.

734; Le Grand & Hall v. Eufaula Bank, 81 Ala. 123, 1 So. 460, 60 Am. Rep. 140; Jones v. McPhillips, 82 Ala. 102. 2 So. 468; Foreman v. Weil Bros., 98 Ala. 495, 12 So. 815; Seals v. Carroll, 114 Ala. 511, 21 So. 982; Anderson v. Buckley, 147 Ala. 415, 41 So. 748; McAdams v. Smith. 8 Ala. App. 515, 62 So. 1000; Goetter v. Norman, 107 Ala. 585, 19 So. 56; Harris v. B. & L. Co., 122 Ala. 554, 25 So. 200; Tobias v. Morris, 126 Ala. 535, 28 So. 517; Ashurst v. Ashurst, 119 Ala. 219, 24 So. 760.

J. Foy Guin, of Russellville, for appellee.

To avail of estoppel, respondent must have relied upon the conduct of the complainant, and altered his position for the worse. Anderson v. Buckley, 147 Ala. 415, 41 So. 748; McAdams v. Smith, 8 Ala. App. 515, 62 So. 1000; People's Bank v. Walthall, 200 Ala. 122, 75 So. 570; Kelly v. Cook, 15 Ala. App. 350, 73 So. 220; Mobile T. & W. Co. v. First Nat. Bank, 201 Ala. 419, 78 So. 797; Martin v. Brown. 199 Ala. 134, 74 So. 241; Scharfenburg v. New Decatur. 155 Ala. 651, 47 So. 95; Huntsville v. Garrity, 176 Ala. 128, 57 So. 750.

ANDERSON, C. J. There can be little or no doubt that the complainant owned an undivided half interest in the barber shop fixtures, as distinguished from the pool room, and that the respondent's mortgage did not include said half interest, and if the sale had been made solely under the mortgage and to satisfy the mortgage indebtedness alone, there could be little plausibility in the respondent's contention. But the proof shows that the mortgage indebtedness was only a portion of what was due McIntosh, and he had a considerable claim for back rent and which carried with it a lien on the complainant's interest in the barber shop fixtures as well as the other property in the building. It is also apparent that in the frequent and constant negotiations between Hill and McIntosh, Hill knew that the claim of McIntosh included the rent, and that the bid to be made at the sale by Hill, whether for himself or as agent for McIntosh, was for all the property subject to the city's lien for license, and included the rent as well as the mortgage debt, and which former was a charge against complainant's interest in the barber shop. Complainant claims to have paid his cotenant or partner a portion of the rent, but there is nothing to indicate that McIntosh had received it or ever released his lien for rent and did not intend the bid to include same. Hill did not protest against the sale and at no time indicated that his interest in the property was not subject to the rent. Indeed, it develops in the testimony that McIntosh was willing to make Hill some slight concession in the resale and

rent, because of the burden falling on him and his interest in the property.

In other words, the conclusion is irresistible that in making the bid McIntosh intended to do so upon the idea of closing up the matter and acquiring all the property not only covered by the mortgage but by his landlord's lien, and that Hill knew of this purpose and intent and made no protest or objection to the sale of his interest. Had he objected or indicated that the sale should not include his interest in the property, or that it was not liable for the rent or to the irregularity of the method of enforcing the landlord's lien, it is hardly probable that respondent would have authorized that the bid practically cover the entire indebtedness with a waiver or exclusion of complainant's interest in the property, when it is practically conceded that all of the property was worth less than said indebtedness. We therefore hold that the complainant's conduct was such as to estop him from claiming that his interest in the property was not included in the sale, and that said conduct may have and probably did influence the respondent in fixing the amount to be bid for the property. "He who is silent when conscience requires him to speak, shall be debarred from speaking when conscience requires him to be silent." Harris v. American Co., 122 Ala. 545, 25 So. 200. "Negligent silence may work an estoppel as effectually as an express representation." Bigelow on Estoppel, 588; Tobias v. Morris, 126 Ala. 535, 28 So. 517; A. S. Knowles Co. v. Gunter, 204 Ala. 411, 85 So. 735.

The trial court erred in not dismissing the complainant's bill, and the decree is reversed, and one is here rendered dismissing same.

Reversed and rendered.

SAYRE, GARDNER, and MILLER, JJ., concur.