## WEST v. HOLMAN et al.
### 7 Div. 188.

### Supreme Court of Alabama.
#### June 22, 1933.

#### Rehearing Denied Sept. 28, 1933.

McCord & McCord, of Gadsden, for appellant.

F. M. Savage and Hugh Reed, both of Center, for appellees.

BROWN, Justice.

This case was here on a former appeal. The report of that appeal appears in West v. Holman et al., 223 Ala. 114, 134 So. 667, in which will be found a general statement of the case.

The parties seem to have treated the refiling of the original bill by the "complainant," after demurrers filed by the several respondents were sustained to the bill as amended, as having the effect of eliminating all of the parties respondent brought in by the amended bill, and the case was so treated by this court on the first appeal. The Todd-Worsham Auction Company, a partnership composed of C. A. Todd, Oscar Todd, and Lon Worsham, made cocomplainants with Choate, were not stricken as parties complainant, and this partnership seems to have been regarded as parties on the record on the first appeal.

On that appeal, on first consideration, the decree of the circuit court dismissing the complainant's bill was reversed with the following directions: "The trial court will require the due execution and delivery of the conveyance by Holman—the owner—to complainant of the lots purchased by her, upon her payment to the register of the balance due as the purchase price; and the trial court will also require the first mortgage on the Holman lands to be paid by the register out of such purchase money; will further require satisfaction of the mortgage by the register of the circuit court to be entered on the record of said mortgage in the probate office; and require that any balance of said purchase money, after payment of all costs, be paid to the owner of the land."

On rehearing the opinion and judgment of this court were modified, so as to reverse and remand the cause, with the suggestion that: "The Todd-Worsham Auction Company should be required to pay into court the $1,056.67 given them as Holman's selling agent, to be available in payment on or purchase of the Federal Land Bank's mortgage. * * * The case should be retried with all the parties at interest, including the Federal Land Bank, before the court."

After the remandment the bill was not further amended, but "all the defendants named in the original and amended bill in this cause" appeared "and for answer thereto they each separately and severally deny each and every allegation contained in such bill of complaint."

Thereafter some additional testimony was taken, and the cause was submitted on testimony noted by the respondents. No note of testimony appears to have been submitted by the complainants, and a final decree was entered dismissing the bill.

The additional testimony taken shows that the complainant, West, purchased from the Federal Land Bank the mortgage on the lands, and foreclosed it under the power of sale, and became the purchaser thereof and received a deed vesting the title in her, and that the respondent Holman has abandoned the possession thereof. It further appears that the Todd-Worsham Auction Company paid into the registry of the court $575 of the purchase money which the complainant, West, had paid to them as agents of Holman, and that complainant, West, withdrew from the registry of the court the amount so paid in by said Todd-Worsham Auction Company.

Under these circumstances we are of opinion that the court did not err in dismissing the bill.

The reversal on the former appeal had the effect of setting aside the former submission and opening the case for retrial, the amendment of the pleadings, and adding new parties. This required a new note of testimony on the submission of the case. Rule 75, Chancery Practice; Reese v. Barker, 85 Ala. 474, 5 So. 305; Alabama City, G. & A. Ry. Co. v. Bates, 155 Ala. 347, 46 So. 776. The condition of the record here differentiates this case from Kinney v. White, 215 Ala. 247, 110 So. 394.

Moreover, the withdrawal by the complainant of that part of the purchase money paid into the registry of the court, and the foreclosure of the Federal Land Bank mortgage, were tantamount to an abandonment of complainant's right to insist upon specific performance.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.