185 So. 414

FEDERAL LAND BANK OF NEW ORLEANS v. FIRST NAT. BANK OF SCOTTSBORO, ALA.

8 Div. 885.

Supreme Court of Alabama.

Oct. 27, 1938.

Rehearing Denied Jan. 12, 1939.

Proctor & Snodgrass, of Scottsboro, for appellant.

**86**

Douglass Taylor and Thos. J. Taylor, both of Huntsville, for appellee.

BROWN, Justice.

The appellee, The First National Bank of Scottsboro, was one of the payees named in the check issued by appellant in consummation of the loan to Whatley, to discharge, among other debts, his indebtedness to the complainant secured by first mortgage, and his indebtedness to appellee secured by a second mortgage. This check was, in due course, delivered to the Scottsboro National Farm Loan Association of Jackson County, through whom the application for the loan was made, for the purpose of distributing the proceeds of the loan in accordance with the application.

The check carried on its back the following matter printed or stamped thereon: "The endorsers hereon hereby acknowledge to have received payment in full of all liens or encumbrances of any nature or character whatsoever against the property mortgaged to The Federal Land Bank and the borrower hereby approves distribution of the funds."

The check was first endorsed by J. M. Money, the secretary and treasurer of the Scottsboro Farm Loan Association, and delivered by him to McCutchen, the attorney of Whatley the borrower, who prepared the abstract of title accompanying the application, also one of the payees, to procure the endorsement of all other payees, which he did, including the endorsement of the appellee. All endorsements were written by the said payees under the printed statement above quoted.

The check was delivered to appellee, on June 15, 1927, accompanied by the following deposit slips made by the assistant cashier at the time:

"Deposited with
First National Bank, Scottsboro, Ala.

"By.....S. H. Whatley,.....6/15, 1927.
Federal Land Bank ............ $1169.33
Less Cashier's check to John Is-
bell ........................ 848.36
_____
$ 320.97
"J. Wimberly."

And the proceeds distributed on the check of the cashier or the borrower Whatley.

The check, in due course, was returned to the payor, and honored.

■ The evidence is without dispute that Miss Wimberly, the assistant cashier, in the absence of the cashier Gay from the bank, had the authority of the cashier to receive and endorse the check, and make deposit thereof. Her acts therefore were, in the absence of fraud, the acts of the appellee Bank. Harris v. American Building & Loan Association, 122 Ala. 545, 25 So. 200; Birmingham Trust & Savings Co. v. Louisiana National Bank, 99 Ala. 379, 13 So. 112, 20 L.R.A. 600.

The appellant's contention, therefore, is that the appellee bank, by endorsing said check, in the manner above indicated, and depositing the proceeds thereof, and aiding Whatley in the distribution thereof, is estopped to claim and assert as against appellant that its, appellee's, mortgage is a first lien on the property embraced in appellant's mortgage and also covered by appellee's said mortgage.

The appellee's first contention, as pleaded, is that the check "was endorsed by it in ignorance of the fact that the land conveyed to it by its mortgage was included in the last mortgage to Complainant, and that out of the proceeds of said check it only received $34.00, which, by agreement with the mortgagor, S. H. Whatley, was applied on another obligation of said mortgagor." That appellee "never agreed, and never intended to release its mortgage lien to Complainant for said sum of $34.00. That its mortgage has been on record in the office of the Judge of Probate of Jackson County, Alabama, since December 11th. 1926; that

the transaction of the check occurred on or about June 15th. 1927, and that at the time of the check transaction there was no request or demand made of Respondent that it mark its mortgage satisfied, nor has any written receipt or other discharge been requested."

This is but pleading its own ignorance and negligence in respect to the transaction.

■■ The transaction of endorsing and receiving the check for deposit was a transaction between the appellee bank, the mortgagor Whatley, and his agents in respect to the distribution of the proceeds of the loan, and the language of the writing under which it endorsed was, in and of itself sufficient to put it on inquiry. Walker Mc-Cutchen, under the undisputed evidence, was the borrower's attorney, and pro hac vice the agent of the Scottsboro National Farm Loan Association, of which the borrower was a member and it, the association, in supervising the distribution of the funds, was not the agent of the complainant Bank, but acted for the borrower, and itself as a guarantor of the loan. Federal Land Bank of Columbia, South Carolina, v. Gaines, 290 U.S. 247, 54 S.Ct. 168, 78 L.Ed. 298; Hinds et al. v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194.

■ There is no principle of law more firmly settled than that: "A mortgagee is estopped by any matter which would make it inequitable to assert rights under the mortgage against certain persons, as by recitals or statements contained in the mortgage, by joining in a deed with the mortgagor conveying the mortgaged premises together with another parcel owned by the mortgagee in severalty, *by representing that the mortgage had been discharged or otherwise concealing his claim, and thus* inducing another to take a mortgage on or purchase the premises." (Italics supplied.) 10 R.C.L. 760, § 77; Fay v. Valentine, 12 Pick.,Mass., 40, 22 Am.Dec. 397; L'Amoureux v. Vandenburgh, 7 Paige, N.Y., 316, 32 Am.Dec. 635; McIntosh v. Hill, 212 Ala. 136, 102 So. 101; Burleson v. Mays, 189 Ala. 107, 117, 66 So. 36.

■ So, also, "When a party negligently and culpably stands by and allows another to contract on the faith of an understanding which he can contradict, he is afterwards estopped from disputing the facts in an action against the person whom he has assisted in deceiving, upon the principle, that between innocent parties, he who

causes the injury must suffer." Harris v. American Building & Loan Association, supra, 25 So. 202; 10 R.C.L. p. 695, §§ 23–24.

■ Nor is it essential to the estoppel that the appellee bank intended to release or subordinate its superior lien, if through its act in endorsing the check it induced the complainant bank to honor the check issued in consummation of the loan to Whatley. The effect of the estoppel is to prevent the appellee, Scottsboro Bank, from disputing its statement in writing over its endorsement, and in asserting that its first mortgage is superior to the mortgage of complainant. Through its ignorance and culpable negligence said appellee merely forfeits its priority. 50 A.L.R. p. 793, annotation, § 36; Story Eq.Jur. § 390; Crawford v. Bertholf, 1 N.J.Eq. 458.

■ This principle is especially applicable where the holder of the first lien was affected with notice or knowledge that the later mortgagee would not have advanced the loan which it secured unless his mortgage was a first lien on the property. Kuhn v. Morrison, 5 Cir., 78 F. 16, 23 C.C.A. 619.

The defendant's answer further asserts that appellee bank acquired a superior title to "one house and lot comprising one acre of land situated in the Northeast corner of the Southeast Quarter of the Northeast Quarter of Section 30, Township 4, Range 8 East, being part of the land conveyed to Complainant by its mortgage of date 1927," by purchase at Register's sale made August 19, 1929, under the decree of the Circuit Court, sitting in equity, in the case of Word v. Whatley, the bill in said cause being to enforce a mechanic's lien on said house and lot. The answer avers that "the lien for the satisfaction of which said house and lot were sold *was perfected by filing a declaration of the same in the office of the Probate Judge of Jackson County, Alabama, on December 11th. 1926,* and that said lien was superior to that of Complainant, and against Complainant the Respondent acquired a fee simple title to said house and lot, free from any lien and incumbrance." (Italics supplied.)

The bill, final decree and Register's deed in Word v. Whatley, were offered in evidence. There is an absence of averments in the bill of the filing of a declaration of said claim in the office of the Judge of Probate, and evidence, extrinsic of that record, was not offered to support the averments of the answer. See Yeend, Adm'r,

**88**

v. Weeks et al., 104 Ala. 331, 16 So. 165, 53 Am.St.Rep. 50; Gunn v. Hardy et al., 130 Ala. 642, 31 So. 443.

■ Whether this failure of proof was fatal to this asserted partial defense, we need not now decide, as the decree must be reversed for error in not sustaining the estoppel. We are not of opinion that the estoppel pleaded precluded the appellee bank from acquiring title through the enforcement of an outstanding lien with which it had no connection at the time it endorsed the check, but inasmuch as the Word's bill was filed prior to the execution of complainant's mortgage and the decree establishing and enforcing the lien was not rendered until two years after the execution of complainant's mortgage, the giving of a lis pendens notice as required by the statute, was essential to the superiority of said asserted title over the complainant's subsequent mortgage. Code 1923, § 6881; Federal Land Bank of New Orleans v. Ozark City Bank, 225 Ala. 52, 142 So. 405.

■ The complainant was entitled to the relief prayed to the extent of subordinating the mortgage of the appellee bank to complainant's mortgage and a foreclosure of complainant's mortgage. The decree should require the complainant to sell first the property covered by its mortgage, and not embraced in appellee's mortgage, if such property is sufficient to satisfy the complainant's debt, together with the costs and expenses incidental to the foreclosure, otherwise a sale of all the property and the application of the proceeds in accordance with equities of the case.

If necessary to the protection of the purchaser, and vesting such purchaser with a good title, the foreclosure of appellee's mortgage and the deed executed in pursuance thereof should be cancelled.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

### On Rehearing.

PER CURIAM.

■ The opinion is not to be construed as a reversal with directions, precluding the trial court in the exercise of a sound judicial discretion to permit further pleadings and proof as justice and equity may dictate. The pertinent authorities will be found cited in the report of the case. Kin-

ney v. White et al., 215 Ala. 247, 110 So. 394. See, also, West v. Holman et al., 227 Ala. 248, 149 So. 685.

Application for rehearing overruled.

ANDERSON, C. J., and THOMAS, BROWN, and KNIGHT, JJ., concur.