185 So. 169

## ALEXANDER CITY BANK v. FEDERAL LAND BANK OF NEW ORLEANS et al.

### 5 Div. 268.

Supreme Court of Alabama.

Dec. 1, 1938.

Richard H. Cocke, of Alexander City, and Denson & Denson and L. J. Tyner, all of Opelika, for appellant.

Albert Hooton, of Dadeville, and J. Sanford Mullins, of Alexander City, for appellees.

**ANDERSON, Chief Justice.**

The bill was filed by the appellant, The Alexander City Bank, under the "Declaratory Judgment Act," Gen.Acts 1935, p. 777, to settle or determine a controversy between the complainant bank and the Federal Land Bank as to the priority of their respective mortgages, and which incidentally affected the other respondents and cross complainants.

J. A. Eason, joined by his wife, executed to the Alexander City Bank a mortgage on his land. Subsequently, he made a mortgage to the Federal Land Bank to secure a loan for the purpose of discharging the existing liens or incumbrances on his land. The mortgage to the Federal Land Bank contained the same land embraced in the mortgage to the Alexander City Bank, as well as other lands, and was subsequent to the mortgage of the said Alexander City Bank. The Federal Land Bank made Eason, the mortgagor, a loan for the obvious purpose of discharging existing liens on the property and thereby making its mortgage a first or prior lien on the land. Before the matter was closed, the Federal Land Bank sent check payable to the respective lienors or mortgagees, including the Alexander City Bank, and, upon the back of the check, and above the endorsement, appeared the following release or statement: "The endorsers hereon hereby acknowledge to have received payment in full of all liens or encumbrances of any nature or character whatsoever *against the property mortgaged to the Federal Land Bank and* the borrower hereby approves distribution of the funds." (Italics supplied.) True, the Alexander City Bank did not receive in the distribution of the check a sum sufficient to pay its mortgage in full, but the execution of the endorsement, though not a receipt in full or a complete satisfaction of its mortgage, was a release or waiver of its prior lien as against the mortgage of the Federal Land Bank on the property embraced in its mortgage. It was, in effect, an estoppel against the Alexander City Bank from claiming a superiority as against the mortgage of the Federal Land Bank. The facts of this case are similar in many respects and the endorsement is identical with one dealt with in the case of Federal Land Bank v. First National Bank of Scottsboro, 185 So. 414,[1] which in effect, held that by the endorsement in question the latter waived priority and subordinated its lien to that of the Federal Land Bank, but did not hold that the first mortgage was thereby satisfied in full. We therefore hold that the trial court properly held that the Federal Land Bank had a prior mortgage, but erred in holding that the Alexander City Bank's mortgage was satisfied in full and the cancellation should be limited to a subordination of the mortgage to that of the Federal Land Bank.

The complainant is therefore entitled to redeem from the Federal Land Bank.

As to the respondents, other than the Federal Land Bank, they are subordinate to mortgages of both the Alexander City Bank and the Federal Land Bank and, in effect, stand in the shoes of the mortgagor.

The decree of the trial court holding that the Federal Land Bank has a superior claim is affirmed, but is in error in holding that the complainant's mortgage was satisfied, and the decree, as to this extent, is reversed and one is here rendered holding that the cancellation of complainant's mortgage should be limited as above indicated, and the cause is remanded, and the trial court is directed to order the cancellation in conformity with this opinion.

Affirmed in part, reversed and rendered in part, and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.

---

[1] Post, p. ——.