144 So. 28

## McCALEB v. REED.

8 Div. 431.

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Nov. 10, 1932.

Cooper & Cooper, of Huntsville, for appellant.

Walter J. Price, of Huntsville, for appellee.

**FOSTER, J.**

The rule is now firmly settled that plaintiff in a suit of this sort has the right to have the jurors qualified as to their connection with an insurance company which would be liable in whole or in part for any judgment that might be rendered against defendant. Gammill v. Culverhouse, 217 Ala. 65, 114 So. 800; Cooper v. Auman, 219 Ala. 336, 122 So. 351 (both cases cite the authorities). The record shows no error in this respect.

Defendant's claim for the affirmative charge is based upon plaintiff's testimony that he was proceeding up a grade in the highway on a straight stretch, at a speed of twenty to twenty-five miles an hour, in violation of section 51 of the "Rules of the Road," Acts 1927, pp. 366, 367, which provides (subdivision b) that "it shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe it shall not be lawful. * * * [Subsection 4.] Fifteen miles an hour in traversing or going around curves or traversing a grade upon a highway when the driver's view is obstructed within a distance of one hundred feet along such highway in the direction in which he is proceeding," and that when he first saw the car of defendant over the hilltop, it was not over fifteen feet away.

It will be observed that this statute does not make such speed an unlawful act under all circumstances at a place stated in the statute; but that if he drives at a speed not exceeding the rate named it is prima facie lawful. The statute also makes it prima facie unlawful to exceed that speed. But whether it is lawful or not, as stated in section 51 (a) and (b), depends upon the conditions then existing, so that the speed shall not be dangerous or unsafe.

The question is one ordinarily for the jury, and the speed limit is not a strict rule of law, but it is flexible to yield to the circumstances of each case. When the circumstances are shown, the question is one of inference for the jury. The presumption of unlawfulness will then have served its function. But were it an unyielding and inflexible rule, the result would not be different, in respect to the right of defendant to the affirmative charge.

That the violation of a statute or an ordinance shall be such contributory negligence by plaintiff as to prevent a recovery by him for the simple primary negligence of defendant, it must be that the statute or ordinance was enacted for the benefit of the defendant or a class of which he is a member, as distinguished from some other class or the public as a whole (Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471), and that it was a proximate contributory cause of the injury. Cooper v. Agee, 222 Ala. 334, 132 So. 173.

Generally, it is a question for the jury, considering the purpose of the enactment and the circumstances surrounding the parties, whether its violation by plaintiff was such a proximate contributing cause so as to relieve defendant of the consequences of his primary negligence. Cooper v. Agee, supra; Newman v. Lee, 222 Ala. 499, 133 So. 10; City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382; Cooper v. Auman, 219 Ala. 336, 122 So. 351; Ivy v. Marx, 205 Ala. 60, 87 So. 813; Salter v. Carlisle, 206 Ala. 163, 90 So. 283.

Plaintiff testified that he was keeping a lookout going up the hill and could not see defendant's car until he reached the top, and then it was straight ahead in his path, on defendant's left side in the road, in violation of the "Rules of the Road," and about fifteen feet away; that defendant did nothing, but remained where he was, and plaintiff, in order to avoid a collision, pulled into the ditch, causing the injuries alleged. It is also claimed by defendant that he had turned to his left approaching the entrance to his farm which was on his left of the road. So that the duties of both parties to the other were reciprocal, and called for the verdict of the jury to ascertain whether defendant was negligent in the manner of his turning to the left across the road, or whether by reasonable care and prudence he could and should have done so in a way that plaintiff's approach would not be attended with unreasonable danger, and also whether plaintiff was under the circumstances operating his car in negligent disregard of his own safety in view of the rights of others, situated as was defendant, and whether he was in violation of the statute, and whether the wrongful conduct, if so, of one, or the other, or of both combined, proximately caused the injuries. Such issues were properly submitted to the jury and defendant was not due the affirmative charge in respect to them. The court also explained to the jury what would be the result of their findings upon such issues. The verdict was not contrary to the great weight of the evidence, nor to the law applicable to the issues. The motion for a new trial was overruled without reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.