110 So.2d 641

James C. STANFORD

v.

STATE.

4 Div. 381.

Court of Appeals of Alabama.

March 31, 1959.

W. R. Martin, Ozark, for appellant.

John Patterson, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been convicted under an indictment charging him with leaving the scene of an accident, etc.

The evidence presented by the State tends to show that as three men were walk-

ing down the unpaved portion of a highway in Barbour County, a car approached from their rear. As the car approached it ran onto the shoulder for some fifty feet, then back onto the pavement and skidded some seventy feet down the highway. The skid marks indicated that the car turned almost completely around during this maneuver. It was during this uncontrolled progress that the three men were struck.

A tail light, admittedly off the car of the appellant, was found at the scene.

This appellant was arrested and was interviewed by Mr. Gerald Green and Mr. Hubert Wood, of the Highway Patrol.

After proper predicate as to voluntariness the officers testified that the appellant stated he was driving the car at the time the three men were struck. They also testified that Melvin Junior Stanford, riding in appellant's car at the time, also stated, in appellant's presence, that the appellant was the driver of the car at the time it struck the three men.

It was the contention of the appellant that a woman named Ruby, last name, and address unknown, was driving appellant's car at the time it struck the three men.

Both the appellant and Melvin Junior Stanford denied the statements attributed to them by the highway patrolmen.

Both of these witnesses stated they knew that something had struck the car while Ruby was driving. However, they thought someone had thrown something at the car. In view of the fact that half of the windshield was broken out by the impact, and the doors and fender on one side were damaged considerably by the impact, the jury probably regarded this line of testimony as no more than the wandering of untamed fancy.

The evidence presented by the State was ample in its tendencies to support the verdict and judgment rendered. The court therefore properly refused the charges, affirmative in nature, requested by appellant.

The record shows that during the cross examination of the appellant the Solicitor asked if he had not "paid a fine for driving without a license on that occasion."

The court sustained the appellant's objection to the question, whereupon the Solicitor stated: "I think the defendant testified that he did not drive the car all that night. If that is true I think it is admissible."

The court thereupon overruled the objection and the appellant answered in the affirmative.

It should be noted that the Solicitor was mistaken in his recollection of the testimony of the appellant, in that the appellant had testified that he had driven the car part of the time, after picking Ruby up.

In effect the question sought evidence as to another and different offense from that with which the appellant was charged, and for which he was being tried.

Unless within some of the developed exceptions to the general rule, evidence of other offenses is not ordinarily admissible against an accused. In McMurtrey v. State, 37 Ala.App. 656, 74 So.2d 528, we set forth these exceptions, and cited numerous cases from this court and our Supreme Court dealing therewith. We will not burden this opinion with a further discussion of this rule, other than to observe that evidence elicited above does not come within any of the exceptions.

In the recent case of Madison v. State, Ala.App., 109 So.2d 749,[1] this court, through Price, J., held that it was error, in a homicide by automobile case, to overrule the defendant's objection to a question eliciting evidence as to whether he had ever had a driver's license, there being no evidence to show any causal connection between the manner of driving and the accused's pos-

1. Ante, p. 62.

session, or lack of possession of a driver's license. Certiorari has been denied in this case by the Supreme Court, 268 Ala. 699, 109 So.2d 755.

In the civil case of Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633, 636, our Supreme Court enunciated the following doctrine:

"By the weight of authority and the better reasoning as we see it, under the facts here presented, evidence that the driver was not licensed as required by statute is inadmissible unless there is some causal relationship between the injuries and the failure to have a license."

Driving without a license is an act malum prohibitum. Its elements in nowise furnish a foundation for a charge of leaving the scene of an accident. The possession, or nonpossession of a driver's license, is not constituent element of leaving the scene of an accident.

The admission of the evidence that this appellant possessed no driver's license unduly burdened his defense, and must be considered prejudicial. This judgment must therefore be reversed.

Reversed and remanded.