249 So.2d 824

**Larry H. GILES**

v.

**William Franklin GARDNER.**

1 Div. 671.

Supreme Court of Alabama.

June 24, 1971.

Walter M. Cook and James B. Kierce, Jr., Mobile, for appellant.

Chason, Stone & Chason, Bay Minette, for appellee.

**MERRILL, Justice.**

This is an appeal from a verdict and judgment for the plaintiff-appellee in the amount of $31,000.00 against the defendant-appellant on a two-count complaint filed as a result of an intersection collision between the plaintiff's pickup truck and the defendant's car. One count charged negligence and the second charged wantonness. The plaintiff's wanton count was charged out by the trial court. The defendant filed pleas of the general issue, contributory negligence and recoupment. After verdict and judgment, a motion for a new trial was overruled.

Appellant's first assignment of error is the refusal of the trial court to grant the defendant's requested affirmative charge with hypothesis. Most of the evidence is undisputed.

The plaintiff, an adult, was traveling west and the defendant, a nineteen-year-old boy, was going south when they collided at an intersection of two dirt roads, which intersected at right angles. There were no traffic control devices. Neither driver could see a vehicle on the other road until they actually entered the intersection. There was no evidence that either driver stopped before entering the intersection. Based on skid marks left before the impact, the speed of the defendant's car prior to the collision was estimated by a State Trooper at 50 to 60 miles per hour. The trooper also estimated the speed of the plaintiff's pickup truck to be about 30 miles per hour. At one point in the trial, the plaintiff testi-

fied that his speed was 35 miles per hour prior to entering the intersection. The plaintiff did not see the defendant's car until immediately before impact. The defendant did not testify.

It is the appellant's contention that the violation of the right-of-way rule contained in Tit. 36, § 18(a), Code 1940, as amended, established contributory negligence of the plaintiff as a matter of law, which was the proximate cause of the collision. The right-of-way rule is as follows:

"§ 18(a). When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right * * *."

Generally speaking, proximate cause is a jury question. McCaleb v. Reed, 225 Ala. 564, 144 So. 28; Allman v. Beam, 272 Ala. 110, 130 So.2d 194; and it is only when the facts are such that reasonable men must draw the same conclusion that the question of proximate cause is one of law for the courts. Morgan v. City of Tuscaloosa, 268 Ala. 493, 108 So.2d 342; Louisville & N. R. Co. v. Courson, 234 Ala. 273, 174 So. 474.

In reviewing a trial court's refusal to grant the defendant's affirmative charge, the appellate court must consider the tendencies of the evidence in the light most favorable to the plaintiff. Smith v. Lawson, 264 Ala. 389, 88 So.2d 322; Alabama Power Company v. Scholz, 283 Ala. 232, 215 So.2d 447.

In the instant case, we think that a jury would be authorized to find that the proximate cause of the accident was the excessive speed at which the defendant entered the intersection rather than to find that the failure of the plaintiff to yield the right-of-way was a proximate cause of the accident. In Moore v. Cruit, 238 Ala. 414, 191 So. 252, where the defendant contended that the plaintiff could not recover because he did not yield the right-of-way under the statute, the court said:

"* * * if the rule of the road as to the approach of vehicles to an intersection, which gives the right of way to the one on the right is conceded to be here applicable * * * yet that would not suffice to exonerate defendant of all negligence in running the bus into the center of the Atmore highway at a 'blind' intersection, * * *." Upon all the evidence, the question of negligence as to each was for the jury's consideration.

* * * * * *

"And it is too clear for discussion that it cannot be said the proof shows that any negligence of the driver of the car (in which the plaintiff was riding) was the sole proximate cause * * *."

See also, Triplett v. Daniel, 255 Ala. 566, 52 So.2d 184, where it was said that if "under the undisputed proof in the case there is a violation of § 17, Title 36, Code of 1940 (plaintiff failed to give proper sign), then such violation constitutes negligence on the part of the plaintiff as a matter of law but it would still remain a question for the jury as to whether violation of the statute proximately contributed to her injury."

We hold that the trial court did not err in refusing to give defendant's requested affirmative charge.

Assignment of error two is predicated on the trial court's overruling of the defendant's objection to admitting into evidence the defendant's lack of a driver's license. The only witness presented in behalf of the defendant was the defendant's mother, who had given her son permission to use the car on the day the accident occurred. On cross examination, counsel for plaintiff asked, "You knew that he didn't have a driver's license, didn't you?" Then, without a ruling on the objection, the trial court asked, "Did he have a driver's license?" There was further objection and the trial court overruled the objection and the witness answered, "No."

Before such evidence is admissible there must be established a causal connection between the failure to have a license and the injuries received in the accident. Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633. In Chattahochee Valley Railway Company v. Williams, 267 Ala. 464, 103 So.2d 762, proof of revocation of a driver's license was held inadmissible absent a showing of a causal connection between such revocation and the injuries received from the accident. The existence or non-existence of a driver's license does not establish the competency or incompetency of a driver. Commercial Union Ins. Co. of N. Y. v. Security Gen. Ins. Co., 282 Ala. 344, 211 So.2d 477. In the instant case, no such causal connection is shown. Furthermore, we are of the opinion that the admission into evidence of the failure of the defendant to possess a driver's license was prejudicial error which requires a reversal. See Madison v. State, 40 Ala.App. 62, 109 So.2d 749, cert. denied 268 Ala. 699, 109 So.2d 755, holding that reversible error was committed in admitting evidence of the revocation of the defendant's driver's license in a case where defendant was convicted of manslaughter; and see also, Stanford v. State, 40 Ala.App. 220, 110 So.2d 641, holding that reversible error was committed in allowing testimony that the defendant had no driver's license. That case was a criminal prosecution for leaving the scene of an accident. Although the instant case is civil, we think that the evidence admitted was prejudicial error necessitating a reversal of the judgment.

· [3] In assignment of error three, the appellant argues that reversible error was committed when the trial court permitted a State Trooper to give his opinion as to the speed of the defendant's car prior to the collision. The basis of the appellant's contention is two-fold. One, the trooper did not know the exact distance of skid marks made by the defendant's car and, two, that since the skid marks were made on a dirt road, the trooper was not rendering an expert opinion but merely "speculating or conjecturing." The trooper testified that the skid marks he found leading up to debris in the intersection were "something like 50 to 75 feet." On cross examination, the trooper estimated that the skid marks "might have been 100 feet." He did not know the exact footage. The witness also testified that he found the road torn up, apparently from a point in the intersection and leading out to where the two vehicles rested. Based on the above information, the trooper was allowed to testify that he estimated the speed of the defendant's car at approximately 50 to 60 miles per hour.

An expert, who did not observe a collision, may express an opinion as to the speed of a vehicle on the basis of skid marks if such marks were made *before* impact. Holuska v. Moore, 286 Ala. 268, 239 So.2d 192; Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716; Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84. See generally, 29 A.L. R.3d, at p. 248 et seq. In the instant case, it is contended that there is an insufficient basis upon which to predicate an expert opinion due to the inexactness of the trooper's knowledge of the length of the skid marks. In all the Alabama cases cited in briefs and examined by independent research, the length of the skid marks were measured; they were not the result of a "rough estimate."

'Under the facts in this case, we cannot say that the testimony of the trooper was admissible when objections, general and specific, were made to his indefinite conclusions. We are not to be understood as holding that he was not an expert generally in the investigation of highway collisions. But the skid marks were not measured; his estimate was that their length was from 50 to 75 feet on direct examination and could have been as much as 100 feet on cross examination. We hold that the trial court erred in permitting the witness to give an opinion to the speed of defendant's car when it was obviously based on indefinite figures and was obviously based upon speculation and conjecture.

■ Assignment of error four charges that the trial court erred in allowing the State Trooper to give an opinion as to the speed of the plaintiff's pickup truck prior to the collision. There was no evidence of any skid marks made by the plaintiff's vehicle prior to impact. It appears that the trooper's opinion was based on skid marks made after impact and on the condition of the two vehicles. It is clear that the admission of such evidence, over objection, when based on skid marks made after impact, is prejudicial error. Jowers v. Dauphin, 273 Ala. 567, 143 So.2d 167. And it has been held that an expert opinion as to speed may not be given when based solely on the physical condition of the vehicles after an accident. Williams v. Roche Undertaking Co., 255 Ala. 56, 49 So.2d 902. Nevertheless, it appears that the admission of this evidence in the instant case was harmless error. At one point, the plaintiff testified that his speed was about 35 miles per hour prior to impact, whereas, the trooper's opinion was that the plaintiff was traveling at about 30 miles per hour. Thus, it is clear that neither the plaintiff nor the defendant was prejudiced by the admission of the trooper's testimony. We have discussed these matters because they will probably arise in a new trial.

■ In appellant's assignment five, it is contended that the trial judge erred in his oral charge and that such error was not cured by the giving of defendant's requested charge on same subject. In substance, the court charged that if two vehicles enter an intersection at the *same* time, the one on the left must yield the right-of-way to the one on the right, whereas, Tit. 36, § 18 (a), Code 1940, as amended, states that when two vehicles enter an intersection at *approximately* the same time, the one to the left must yield the right-of-way to the one on the right. The trial court apparently conceded that an error was made and offered to give the defendant's requested charge which contained the pertinent exact wording in Tit. 36, § 18(a). The trial court did give one of the defendant's requested

written charges which included the word "approximately." The better policy in dealing with the rules of the road in an oral charge is to quote the applicable statute.

■ Assignment six relates to the refusal of the trial court to give defendant's requested charge numbered 12. It does not appear that the refusal to give that requested charge was reversible error in that the same rule of law was covered in both the court's oral charge and the written charges given by the court. Tit. 7, § 273, Code 1940.

It is argued under assignment seven that the trial court erred in refusing to grant the defendant's motion for a new trial. Since the motion for a new trial raised the same matters we have discussed in this opinion, it is not necessary to consider that assignment.

■ Appellee, in brief, states that the "application of the doctrine of subsequent negligence" to the facts would be sufficient to refuse defendant's request for the affirmative charge. It is true that a count sufficiently charging simple negligence can be the basis for recovery for subsequent negligence, Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449, Southern Railway Co. v. McCamy, 270 Ala. 510, 120 So. 2d 695. But the instant case was not tried on the theory of subsequent negligence and the trial court did not instruct the jury on that subject. Under those facts, the case will not be reviewed here on a theory different from that on which the trial was had. Barfield v. Wright, 286 Ala. 402, 240 So.2d 593, Southern Railway Co. v. Terry, 268 Ala. 510, 109 So.2d 919.

For the errors noted in the opinion, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LAWSON, HARWOOD and MADDOX, JJ., concur.

HEFLIN, C. J., concurs in the result.

