302 So.2d 228

**Ruby W. HAVARD, Administratrix of the Estate of Henry N. Havard, Deceased**

v.

**PALMER & BAKER ENGINEERS, INC., a corp.**

**SC 547.**

Supreme Court of Alabama.

May 16, 1974.

Rehearing Denied July 25, 1974.

Second Rehearing Denied Sept. 12, 1974.

R. P. Denniston and Horace Moon, Jr., Mobile, for appellant.

James J. Duffy, Jr., and John N. Leach, Jr., Mobile, for appellee.

304

FAULKNER, Justice.

This is the second appeal of this case to this court. The first appeal is reported in City of Mobile v. Havard, 289 Ala. 532, 268 So.2d 805 (1972). The judgment of the trial court against Palmer & Baker was reversed and remanded by this court because the court held that plaintiff had failed to allege a duty owed to plaintiff's decedent by Palmer & Baker, the breach of which was the proximate cause of the decedent's injury, and therefore, the affirmative charge should have been given by the trial judge. The City of Mobile was held not to be liable for the injury and death from burns suffered by plaintiff's intestate when his car was rear-ended in the Bankhead Tunnel by a truck and caught fire. The reason was governmental immunity.

After remand, Havard amended her complaint by adding Count Eight set out hereinbelow:

"Plaintiff claims of the Defendant the sum of One Million Dollars ($1,000,000.00) arising from the following:

"A. Heretofore, and on, to wit, October 17, 1968, a part of the street system or highways, maintained and operated by the City of Mobile was a vehicular tunnel under the Mobile River in the City and County of Mobile, Alabama, which tunnel was known as the Bankhead Tunnel. Said tunnel consisted of a tube, ramps, paved roadway surface, tile walls, flood gates, toll stations, ventilation building, electrical equipment, pumping equipment, fire fighting equipment, ventilation equipment and other items, all of which were integral parts of said tunnel and of said street system, and were maintained and operated as such by said City.

"B. The Defendant, Palmer & Baker Engineers, Inc., a corporation, for an agreed fee constituting a valuable consideration from the City of Mobile undertook to make and did make annual inspections of said tunnel for at lease five (5) years prior to said date for the purpose of submitting to said City a report setting forth among other things (a) their findings whether the tunnel had been maintained in good repair, working order and conditions, and (b) their advices and recommendations as to the proper maintenance, repair and operation of said tunnel and as to any changes or modifications concerning the same which were needed during the ensuing fiscal year.

"C. The Defendant knew from time to time in the operation of said tunnel and its use by members of the traveling public, accidents and fires in the tunnel were to be reasonably anticipated and foreseen, and that the purpose of maintaining fire fighting equipment in said tunnel was to have it available for emergency fighting of fires in the tunnel until such time as the City Fire Department personnel and equipment could arrive at the scene, and thereby to reduce the hazard to life and property of the members of the public transiting this confined area. Defendant also knew, or with the exercise of reasonable diligence should have known, that a petroleum fire is a type or class of fire to be reasonably anticipated and foreseen in said tunnel.

"D. Upon the occasion of its last annual inspection of said tunnel prior to October, 1968, which said inspection was made in, to wit, June, 1968, the Defendant negligently failed to perform its said inspection and report properly, in that on the occasion of its said last inspection, the Defendant negligently failed to advise and make recommendations to the City of Mobile to correct an unsafe and dangerous condition in and about the said maintenance and operation of the tunnel, which said condition would have been obvious to anyone reasonably skilled in making inspections with regard to the maintenance, repair and operation of vehicular tunnels such as said Bankhead Tunnel. Said obviously unsafe and dangerous condition consisted among other things of the following, to wit: The fire fighting equipment in and serving said tunnel was seriously defective in that, in the portion of the tunnel in proximity to the location of the fires hereinafter described: The fire hose locations and fire extinguisher locations were not marked in such manner as to reasonably identify and made known their presence; the nozzles for use with the fire hose or hoses were capable of producing a solid water stream only, and did not have a feature enabling them to produce a fog or mist, which is the proper characteristic for nozzles used to fight petroleum fires, which is a type or class of fire to be reasonably anticipated and foreseen in a tunnel serving motor vehicle traffic; the water pressure available to said water hose or hoses was not sufficient to permit reasonably efficient use of said water hose or hoses; the said emergency fire hoses were of improper size for emergency use; and one or more of said fire extinguishers was or were defective so as to be incapable of discharging the contents thereof. Defendant either knew or with the exercise of reasonable diligence should have known in making its said inspection and report that each of said unsafe, defective and dangerous conditions existed.

"E. At said time and place, to wit, October 17, 1968, Plaintiff's intestate, Henry N. Havard, deceased, was driving an automobile Eastwardly through said Bankhead Tunnel; and his car stopped at a place almost midway through the tunnel immediately behind a line of several other cars; and at said time a truck, also traveling Eastwardly, crashed into the rear of his car in such manner that his car was caused to crash and did crash into the car immediately ahead; and as a result of said collision or series of collisions, the gas tank of said Havard car was ruptured, and one or

more petroleum fires immediately commenced to burn at or underneath the front and the rear of said Havard car. At said time and place there were several persons present who immediately attempted to extinguish the fires with such of said emergency fire fighting equipment as they could immediately find at or near the location of said Havard car; and had such equipment locations been adequately marked, and had said equipment not been otherwise defective as herein alleged, said equipment at or near said Havard car, so utilized by said persons, would have been adequate and sufficient to retard, reduce and extinguish said fires and thereby save the life of said Henry N. Havard. However, as a proximate consequence of Defendant's negligence as aforesaid, the said fires were not so retarded, reduced or extinguished, but continued to burn, and developed to such intensity that said Henry N. Havard was thereby fatally injured, in that: (1) He was, until the arrival of the Fire Department, exposed to increasing heat, noxious smoke and fumes, and direct flame injury, and received extensive body burns, including the following: (2) He received third degree burns on his body from the chest cage upward, involving the chest, both arms and hands, shoulders, head and neck. (3) He suffered burned blood veins, and his skin was dehydrated and leathery. (4) He also suffered third degree burns on both sides and over areas of his legs and ankles. (5) He suffered a respiratory tract injury from inhalation of hot noxious fumes and gases and smoke; and as a proximate result of such injuries he died three (3) days thereafter, on, to wit, October 20, 1968, wherefore this suit."

The demurrer filed by defendant Palmer & Baker was sustained. Havard took a nonsuit and appealed. Whether the court was correct in sustaining the demurrer to Count Eight is the assigned error on this appeal.

■ When this court reverses and remands a case without further direction, the trial court may, in the exercise of sound judicial discretion, permit further pleadings and proof as justice and equity dictate. Federal Land Bank v. First National Bank of Scottsboro, 237 Ala. 84, 185 So. 414 (1938); Sovereign Camp, W. O. W. v. Gay, 217 Ala. 543, 117 So. 78 (1927). The doctrine of res judicata which Palmer & Baker argue, is inapplicable here. In permitting amendment to the complaint the trial court did not abuse its discretion. However, the sufficiency of the amended complaint filed before July 3, 1973, is not governed by the Alabama Rules of Civil Procedure. Phillips v. D. & J. Enterprises, 292 Ala. 31, 288 So. 2d 137 (1973). The complaint must be tested under the rules of pleading in effect before adoption of the Rules of Civil Procedure.

■ In cases founded on actionable negligence three elements are necessary to test the sufficiency of the complaint: (1) the existence of some duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to fulfill that duty; and (3) an injury to the plaintiff proximately caused from such failure of the defendant. Stokely-Van Camp, Inc. v. Ferguson, 271 Ala. 120, 122 So.2d 356 (1959).

This court in *City of Mobile,* supra, decided that Count Five did not allege a duty owed plaintiff's decedent by Palmer & Baker. Plaintiff alleges in Count Eight that Palmer & Baker were under contract with the City of Mobile to make annual inspection of the Bankhead Tunnel and to report to the City, inter alia, the condition of the fire-fighting equipment located in the Tunnel for use in emergency until the City Fire Department could arrive; that Palmer & Baker negligently failed to perform its last inspection and negligently failed to advise the City to correct an unsafe and dangerous condition in and about the maintenance and operation of the Tunnel resulting from defective fire-fighting equipment located therein, and that they knew or should have known that a fire could be anticipated or foreseen in the Tunnel.

The fundamental question is whether Palmer & Baker owed a duty to plaintiff's intestate who was a member of the public using public facilities, because of a lack of privity between them.

■ This case involves a rule of tort law which this court has given only a gossamer touch—certainly not a firm embrace —and, that is liability based on foreseeability rather than privity. See Weston v. National Manufacturers & Stores Corp., 253 Ala. 503, 45 So.2d 459 (1950), citing Macrum v. Security Trust & Savings Co., 221 Ala. 419, 129 So. 74 (1930). The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if care is not exercised. Orlo v. Connecticut Co., 128 Conn. 231, 21 A.2d 402 (1941) and cases cited. See also 65 C.J.S. Negligence § 4(11) (1966).

■ But, as stated in *Orlo,* the test here is, would an ordinary man in defendant's position, knowing what they knew or should have known, anticipate that injury of the nature of that suffered was likely to result. Applying this test the complaint as amended by Count Eight alleges a duty. It could be foreseen or anticipated by Palmer & Baker that a fire could break out in the Tunnel and when it did break out, good and workable fire-fighting equipment would be needed to fight the fire. Otherwise, if a fire could not be foreseen or anticipated, why have any such equipment at all in the Tunnel. Any argument that if the fire-fighting equipment had been in perfect condition it cannot be shown that decedent's injury would have been less severe, is like saying if the dog had not stopped he would have caught the rabbit.

■ The final point is whether the amended complaint sufficiently alleges proximate cause. We conclude that it does. In the end proximate cause is a question for the jury. Giles v. Gardner, 287 Ala. 166, 249 So.2d 824 (1971); McCaleb v. Reed, 225 Ala. 564, 144 So. 28 (1932). The alleged intervening cause of the injury, viz., the truck running into the rear of decedent's car, is not of itself sufficient to relieve Palmer & Baker of liability since it is their original negligent act which is alleged as being the proximate cause of the decedent's death.

The demurrer is due to be overruled.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, BLOODWORTH, and JONES, JJ., concur.

COLEMAN, HARWOOD, MADDOX, and McCALL, JJ., dissent.

ON REHEARING.

On application for rehearing, counsel for Palmer & Baker raises the question, among other learned observations, whether this court has abandoned the doctrine of res judicata by not following City of Mobile v. Havard, 289 Ala. 532, 268 So.2d 805 (1972). It appears that learned counsel is somewhat confused as to what is a *second appeal* of the *same case,* and what is an appeal of a *second case* on another complaint.

Title 13, § 28, Code of Alabama, 1940 (Recompiled 1958) provides:

"The supreme court, in deciding each case when there is a conflict between its existing opinion and any former ruling in the case, must be governed by what, in its opinion at that time is law, without any regard to such former ruling on the law by it . . ."

This court in First National Bank of Birmingham v. Garrison, 235 Ala. 94, 177 So. 631 (1937) stated the effect of Title 13, § 28, supra:

"The effect of this last-stated statute was declared in . . . Moulton v. Reid, 54 Ala. 320. It was there observed . . . 'that an opinion of this court, however erroneous, was the law of the case in which it was rendered, and could not be questioned in the primary court, *or on a second appeal* . . . The rule was sometimes applied to the af-

**308**

firmance of judgments, working great individual hardship and injustice. The legislature not only abrogated the rule, but expressly commands this court, if the case returns here on a second appeal, to pronounce judgment, without regard to the former ruling, if that is deemed erroneous.' This statute entirely changed the rule prevailing at common law. Stoudenmire v. De Bardelaben, 85 Ala. 85, 4 So. 723."

In City of Fairhope v. Towne of Daphne, 286 Ala. 470, 241 So.2d 887 (1970), this Court stated:

"Under this statute, a former opinion does not conclude or influence us, upon a subsequent appeal, and, if we consider our former opinion to be erroneous, it will be overruled. Smith v. Smith, 157 Ala. 79, 47 So. 220, 25 L.R.A.,N.S., 1045." See also Westchester Fire Insurance Co. of New York v. Green, 223 Ala. 121, 134 So. 881 (1931).

 We conclude that the demurrer to the amended complaint on the *second appeal of the same case* was due to be overruled.

Opinion extended and application for rehearing denied.

HEFLIN, C. J., and MERRILL, BLOODWORTH and JONES, JJ., concur.

COLEMAN, HARWOOD, MADDOX and McCALL, JJ., dissent.

MADDOX, Justice (dissenting).

I would grant the application for rehearing in view of the issues raised on original submission. However, I concur in the statement of the law expressed in the extended opinion on the *res judicata* issue.

HARWOOD, J., concurs.

PER CURIAM.

Those members of this Court joining herein, in consultation, express the view that some of the assertions appearing in appellee's brief filed herein in support of its application for rehearing are impertinent. Such assertions have no place in briefs.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH, MADDOX, McCALL and JONES, JJ., concur.