EMBRY, Justice.
In this negligence action we will determine whether there was sufficient evidence to submit to the jury the question of proximate cause. We hold there was not and affirm action of the trial court directing a verdict in favor of defendant.
This action arises because of a collision between a bus operated by the Birmingham Transit Corporation and a tractor-trailer owned by R. A. Chambers and operated by Hollis Chambers, all defendants below. Mrs. Williamson was a passenger on the bus and alleges she sustained injuries when it was rear-ended by the truck. On the date of the accident the truck had been following directly behind the bus for quite some distance, in very heavy traffic. Just before the collision the bus stopped for traffic, which was backed up from an intersection toward which the bus was traveling. When the traffic light at the intersection changed and traffic went ahead, the bus moved forward about one and one-half bus lengths and made a stop to take on two passengers. Testimony indicates that the bus had been stopped for 30 to 60 seconds and both passengers had boarded the bus when impact occurred. The bus was moved forward approximately three feet as a result of the collision. Mrs. Williamson alleges she was knocked from her seat to the floor, sustaining various injuries. She filed suit, claiming $20,000 as damages, and alleging all three defendants were negligent. Her husband filed a derivative suit for $5,000. The two actions were consolidated for trial only.
At the conclusion of plaintiffs’ testimony, Birmingham Transit filed motion for directed verdict and it was granted. The case was submitted to the jury as to the Chambers defendants and the jury returned verdicts in favor of Mrs. Williamson and her husband. Separate judgments were entered on those verdicts and on the verdicts in favor of Birmingham Transit Corporation. The Williamsons filed one notice of appeal, attempting to appeal from the separate judgments. We need not decide whether the one notice of appeal is suffi- *491 dent under Rule 4(a), ARAP. The amount daimed by Mr. Williamson, in his action, is under $10,000; as a consequence this court has no jurisdiction. Code of Ala., Tit. 13, § 111(B).
The Williamsons based their case against Birmingham Transit on the theory that by stopping to take on passengers at a place not designated as a “Bus Stop” and marked with a “No Parking” sign, the Transit Company violated certain provisions of the Birmingham City Code, therefore guilty of negligence as a matter of law. They further contend that this negligence, at least, concurred with that of the Chambers to proximately cause the collision, if indeed, that negligence was not the sole proximate cause of the accident.
The evidence in this case will not support the conclusion that negligence of Birmingham Transit, if any, was the proximate cause of the accident. The bus driver testified that after the accident the truck driver stated, “I just got into the rear of your bus.” According to the police officer who investigated the accident, the truck driver stated “ * * * he was going at a slow rate of speed behind the bus, looked off momentarily, and when he looked back he was in the rear of it * * * It was too late for him to stop.” The truck driver testified he had been following the bus for some distance, in bumper-to-bumper traffic; had stopped for traffic several times behind the bus; that he looked away from the bus as traffic began to move forward on the last occasion and ran into the rear of the bus. There is no evidence the bus made a sudden or unexpected stop. To the contrary, when the collision occurred, the bus had remained stopped long enough to board two passengers.
While the violation of a city ordinance may constitute negligence, this alone is not enough. To recover, causal connection must be established between the violation and the injury. Vines v. Plantation Motor Lodge, Ala., 336 So.2d 1338 (1976).
As previously stated, under the facts of this case, defendant Birmingham Transit was due, as a matter of law, to have its motion for a directed verdict granted on the issue of proximate cause. Whether or not Birmingham Transit was guilty of negligence, in violating the ordinance, the fact remains that the sole proximate cause of the accident was the truck driver’s negligence.
In reviewing the propriety of granting a directed verdict, we must consider the evidence most favorable to the party against whom the motion for directed verdict was made. Chambers v. Buettner, 295 Ala. 8, 321 So.2d 650 (1975). The evidence, or lack of it, to support the grant of that motion falls short of that objective if any reasonable inference exists to support the William-sons’ theory of the complaint and their cases must go to the jury.
The evidence in this case, about how the collision occurred, stands uncontradicted and unimpeached. Assuming, without deciding, that violation of the ordinances was negligence, there was not sufficient evidence to submit the question of proximate cause to the jury.
We do not wish to be understood as retreating from any of the views expressed respecting proximate cause in the decisions in Alabama Power Company v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975) and in Lawson v. General Telephone Company of Alabama, 289 Ala. 283, 267 So.2d 132 (1972), or Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974).
The granting of the motion for directed verdict was proper. The judgment in Mrs. Williamson’s case is affirmed and the attempted appeal in Mr. Williamson’s case is hereby dismissed, therefore Civil Action No. 27681 in the Circuit Court of Jefferson County is hereby affirmed and the attempted appeal in Civil Action No. 27682 in that Court is hereby dismissed.
AFFIRMED AS TO THE APPELLANT, EVELYN DOUGLAS WILLIAMSON; APPEAL DISMISSED AS TO THE APPELLANT, C. R. WILLIAMSON.
*492 TORBERT, C. J., and BLOODWORTH, FAULKNER and BEATTY, JJ., concur.
MADDOX, JONES, ALMON and SHORES, JJ., dissent.