The sole issue involved in this appeal is the liability of an unincorporated hunting club for the death of a young thirteen-year-old boy who was accidentally shot during a deer hunt. The trial court granted summary judgment in favor of all defendants who were members of the unincorporated hunting club; except, the case was not dismissed against the party who actually shot and killed the young boy.
Appellant does not assert that any of the dismissed defendants actually shot the decedent, but he seeks to extend liability to members of the hunting club based on an alleged duty to conduct the hunt safely. The critical issue before the Court is if such a duty exists, and is breached, can that constitute proximate cause in a shooting death? The trial court, based on the facts presented on the motion for summary judgment, refused to extend liability to those defendants who did not actually shoot the decedent. We affirm.
Construing the basic facts in favor of the appellant, they are as follows: Appellant, Charles Bruce Hall, Sr., his son Chuck, and Charles Tubbs left Tuscaloosa on December 29, 1979, and went to the Union Hunting Club in Greene County to participate in a deer hunt. Once at the hunting site, Hall paid a guest fee to the hunting club's president James A. Price, Sr., Price, his son, James A. Price, Jr., Carl Taylor and Horace Claude Poole, Jr., were all members of the Union Hunting Club and were named as defendants in this action. The same counsel represented these appellees. Another attorney represented two other club members, Leonard Cunningham and David Marvin Smart.
The evidence showed that two hunts were conducted that day. On both hunts some of the men were designated as drivers and the other men were standers. The drivers' job was to start from a specific location and walk through the woods, hopefully driving any deer toward the standers. The standers were placed at specific spots along one of the roads located in the woods. The first hunt ended without any incident.
The evidence shows that during the second hunt Hall, Chuck and Tubbs took stands on Pecan Tree Road. Hall asserted that one Claude Poole instructed them on where they should stand. The parties do not agree on whether Leonard Cunningham then sent other men, including David Booth, down Pecan Tree Road. The appellant claims Cunningham sent the men down Pecan Tree Road with instructions to act as drivers and further, that Cunningham told them that no one else was on Pecan Tree Road. Cunningham claimed that he never told anyone where hunters were located during the second hunt.
David Booth took a position on Pecan Tree Road and awaited the signal to begin the drive. As the signal was given to begin the drive, Booth heard a noise. He turned and saw movement. Booth fired twice at what he thought was a deer. The shots struck Chuck Hall and caused his death. It was clear from the evidence that only Booth fired the fatal shots.
While the evidence may indicate that possibly some of the appellees, particularly Cunningham and Poole, could have been negligent in the manner they conducted the second hunt, this evidence, even if proven to the reasonable satisfaction of a jury or factfinder, could not extend liability to them under the facts of this case, because the element of proximate causation is missing. This Court has ruled that however negligent a party may have been in some particular, he is accountable only to those injured as a proximate result of such negligence. Where some independent agency intervenes and is the immediate cause of the injury, the party guilty of prior negligence is not liable. See Smith v. Alabama Water Service,225 Ala. 510, 512, 513, 143 So. 893 (1932). While the actions of the appellee may have been a cause in Chuck Hall's tragic death, the appellant must show that appellee's negligence constituted "`the proximate, that is, the direct and immediate, efficient cause of the injury.'" Mobile City Lines, Inc. v.Proctor, 272 Ala. 217, 224, 130 So.2d 388 (1961) (quotingWestern Railway of Alabama v. Mutch, 97 Ala. 194, 196,11 So. 894, 895 (1892)). *Page 186 
This Court has not addressed the issue raised on appeal before in a similar factual setting, but opinions from other jurisdictions are persuasive and have promulgated rules of law applicable in cases involving similar hunting accidents. When a hunter fires without first identifying his target and shoots another person, that irresponsible act is the proximate cause of injury regardless of some negligence on the part of the victim. Fowler v. Monteleone, 153 So. 490, (La.Ct.App. 1934). In Fowler v. Monteleone, the Court opined:
 "The plaintiff's alleged contributory negligence in leaving his stand before the hunt was over and wandering in the barricaded area was passive and not a contributing cause of the shooting."
Id. 494. The Court noted, however, that under the circumstances of that case, the plaintiff/victim was not guilty of contributory negligence. See also, Green v. Hagele,595 P.2d 1159, 1161 (Mont. 1979).
In an analogous situation involving the question of proximate causation, this Court ruled that:
 "Negligence alone does not afford a cause of action. Liability will be imposed only when negligence is the proximate cause of injury; injury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury. If, between the alleged negligence act or omission and the injury, there occurs an independent, intervening, unforeseeable event, the causal connection between the alleged negligence and the injury is broken. Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388 (1961); Mahone v. Birmingham Electric Co., 261 Ala. 132, 73 So.2d 378 (1954)."
Vines v. Plantation Motor Lodge, 336 So.2d 1338, 1339 (Ala. 1976). In Vines the facts showed that the defendant had left his truck parked unlocked in an alley with the keys in the ignition. Auto theft was common in the area. A person stole the vehicle and subsequently had a collision which caused the plaintiff's injuries. This Court ruled that the stealing of the truck was an unforeseeable event that broke the causal chain.Id. at 1339.
Generally, of course, proximate cause is a question for the jury. Havard v. Palmer Baker Engineering, Inc., 293 Ala. 301,307, 302 So.2d 228 (Ala. 1974). In that case, this Court considered for the second time an appeal regarding an accident in the Bankhead Tunnel in Mobile. After the case had been remanded, the plaintiff amended her complaint and asserted that the defendant's negligent maintenance of fire-fighting equipment in the tunnel was the proximate cause of the decedent's death. This Court there held, in part, as follows:
 "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if care is not exercised. Orlo v. Connecticut Co. 128 Conn. 231, 21 A.2d 402 (1941) and cases cited. See also 65 C.J.S. Negligence § 4 (11) (1966).
 "But, as stated in Orlo, the test here is, would an ordinary man in defendant's position, knowing what they knew or should have known, anticipate that injury of the nature of that suffered was likely to result. Applying this test the complaint as amended by Count Eight alleges a duty. It could be foreseen or anticipated by Palmer Baker that a fire could break out in the Tunnel and when it did break out, good and workable fire-fighting equipment would be needed to fight the fire. . . .
 "The final point is whether the amended complaint sufficiently alleges proximate cause. We conclude that it does. In the end proximate cause is a question for the jury. Giles v. Gardner, 287 Ala. 166, 249 So.2d 824 (1971); McCaleb v. Reed, 225 Ala. 564, 144 So. 28 (1932). The alleged intervening cause of the injury, viz., the truck running into the rear of decedent's car, is not of itself sufficient to relieve Palmer Baker of liability since it is their original negligent act which is alleged as being the proximate cause of the decedent's death."
Id. 302 So.2d at 307.
Here, if the alleged shooting was foreseeable, if due care was not exercised, *Page 187 
then proximate causation would have been a jury question, but under the circumstances of this case, we hold that the trial court did not err in finding that the shooting of Chuck Hall by Booth was the proximate cause of his death, and was also an unforeseeable event that broke any causal chain which might extend liability to any of the appellees; therefore, the trial court properly granted the motions for summary judgment dismissing the appellees and the order is, therefore, due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.