This is a summary judgment case, in which the sole issue is whether summary judgment was proper, especially since the theory of the action was one of negligence.
The facts are basically not in dispute. Construing the facts in favor of the appellant, they are as follows: The defendant/appellee sent a truck to Shaw Warehouse Company (the employer of the plaintiff) to pick up some merchandise. The plaintiff, a forklift operator, drove a forklift, holding the merchandise on a wooden pallet, on to the defendant's truck. The truck was nearly full, and plaintiff could not drive the forklift and pallet completely into the truck from the loading dock. Consequently, he stopped the forklift so that the front of the forklift was in the truck and the rear of the forklift was on the loading dock. Plaintiff had no responsibility to remove the merchandise from the pallet and stack it in the truck. That was the truck driver's responsibility. Plaintiff left the forklift and pallet in this position and went to another part of the warehouse. The truck driver, after unloading the merchandise and obtaining the order slip from the warehouse office, started to pull away from the dock. The forklift had not been moved. After workers shouted to the driver, the driver stopped the truck, leaving about two feet between the truck and loading dock. The driver attempted to back the truck to the dock, but stopped and shut down the truck. During the rest of the occurrence, the driver, acting on instruction of the dock supervisor, stood to one side and watched. After the plaintiff returned, he and the supervisor attempted to remove the forklift from the rather precarious position in which it was situated. The supervisor drove another forklift with a pinching device and instructed the plaintiff to mount the forklift and to hold the brake. The plaintiff stated that he was told to sit on the forklift, which he refused to do. He did stand to the side with one foot on the dock and one foot on the brake of the forklift. While the supervisor was attempting to "get a better grip" on the stricken forklift, the pinchers of the second forklift struck the plaintiff, causing him to fall to the loading dock, thus allegedly causing his injury. The plaintiff, in his deposition, stated that it was known by the supervisor that the second forklift had mechanical problems, and that the forklift would roll forward after being placed in reverse gear.
The critical question under these facts is whether the alleged injury suffered by the plaintiff was a foreseeable consequence of the alleged negligent act of the defendant's truck driver.
Because of the nature of negligence actions, with their questions of reasonableness, proximate causation, and foreseeability, summary judgment will not ordinarily be granted. Tolbert v. Gulsby, 333 So.2d 129 (1976). Generally, proximate cause is a question for the jury. Hall v. Booth,423 So.2d 184 (Ala. 1982); Havard v. Palmer Baker Engineering,Inc., 293 Ala. 301, 302 So.2d 228 (1974); Giles v. Gardner,287 Ala. 166, 249 So.2d 824 (1971); McCaleb v. Reed, 225 Ala. 564,144 So. 28 (1932).
In Hall v. Booth, this Court quoted from Havard:
 "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if care is not exercised. Orlo v. Connecticut Co., 128 Conn. 231, 21 A.2d 402 (1941). . . ."
Hall, supra, 423 So.2d at 186.
Were we to affirm the trial court's granting of summary judgment, we would have to hold as a matter of law that the acts of defendant, through its driver, were not the proximate cause of the plaintiff's injuries. This we are not prepared to do.
For the reasons stated, we must reverse the trial court's granting of summary judgment, and remand the cause.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 83