I concur in the holding that defendants owed no duty of care to plaintiffs in the design and construction of the apartments in issue. I reach that decision by applying a broader test for determining the existence of a duty to a non-contractual, third party. This test includes foreseeability of harm, the majority rationale, but establishes other factors to be balanced in each case.
Recent Alabama decisions have focused on foreseeability of harm if care is not exercised as "the ultimate test of the existence of a duty" to a third party. Zeigler v. *Page 15 Blount Bros. Constr. Co., 364 So.2d 1163, 1167 (Ala. 1978);Havard v. Palmer Baker Eng'rs, Inc., 293 Ala. 301, 306-07,302 So.2d 228, 232 (1974). While I concede that foreseeability of harm is perhaps the most important element in analyzing the duty of care owed to parties not in privity of contract, other jurisdictions have identified additional factors which may be considered.
 "Whether or not a party has placed himself in such a relation with another so that the law will impose upon him an obligation, sounding in tort and not in contract, to act in such a way that the other will not be injured calls for the balancing of various factors: (1) the extent to which the transaction was intended to affect the other person; (2) the foreseeability of harm to him; (3) the degree of certainty that he suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury; (5) the moral blame attached to such conduct; and (6) the policy of preventing future harm."
United Leasing Corp. v. Miller, 45 N.C. App. 400, 406-07,263 S.E.2d 313, 318 (1980). See Biakanja v. Irving, 49 Cal.2d 647,650, 320 P.2d 16, 19 (1958) (liability to third party not in privity "is a matter of policy"). See also Quail Hollow E.Condominium Ass'n v. Donald J. Scholz Co., 47 N.C. App. 518,524-25, 268 S.E.2d 12, 17 (1980) (construction industry).
An analysis of these factors justifies the trial court's summary judgment on the basis that Younes and his agents did not owe a duty of reasonable care to the Howes. Because Younes built the facility for himself, he obviously did not intend for the construction to affect the Howes. The intended "ultimate consumer-purchaser" of the apartments was Younes himself. SeeQuail Hollow, 47 N.C. App. at 525, 268 S.E.2d at 17.
The second factor of foreseeability of harm is a closer issue. Whether or not one intends to affect another does not determine whether a reasonable person in the defendants' position would foresee harm as a result of some course of action. It is certainly foreseeable that design and construction defects would generate repair costs to an apartment owner. This fact is tempered by the undisputed evidence that Younes planned to own the project for an indefinite time. An owner is legally allowed to build for himself a structure which requires substantial maintenance. Under such circumstances, at the time of design and construction a reasonable person would not foresee harm to a subsequent purchaser. This case is distinct from the case where defendant can foresee some harm to others but cannot reasonably foresee the particular kind of harm. See Zeigler, 364 So.2d at 1167 (construction firm cannot foresee utility rate increases due to failure of a dam).
The third factor relates to the certainty of injury. Although the briefs do not discuss the damages issue, it seems likely that the purchase price paid by the Howes reflected the poorly maintained condition of the property. Therefore, the alleged harm suffered is not certain. This concern is part of the rationale which distinguishes economic damages from physical injuries for the purpose of ascertaining a tort duty. CompareRestatement (Second) of Agency § 357 (1958) with id. § 354. Because of the lack of any discussion of this issue, I do not give it any weight.
The fourth factor, closeness of connection between the conduct and the injury, also argues against imposing a duty of care. The alleged damages occurred more than six years after construction. The property was sold to an intervening party who then sold to the Howes. Clearly, the conduct of defendants and the harm to the Howes were separated by time and transaction.
The fifth and sixth factors, moral blame and the policy of preventing future loss, relate to cases where the conduct has moral overtones or the harm identified is so significant or frequent as to justify special attention. These considerations do not come into play in this case.
An analysis of these factors reveals defendants owed no duty under the undisputed *Page 16 
facts. Where these factors are in conflict, the trial court must balance them to answer the legal question of the existence of duty. In this case, the factors consistently point to the conclusion that no duty was owed. Therefore, I concur in the result of the majority opinion.
EMBRY, J., concurs.