The basic issue involved in this case is whether an optometrist is under a duty to refer a patient to proper health care providers when he discovers a condition known as papilledema of the eye. Affidavits were offered in opposition to the defendant's motion for summary judgment which indicate there was such a duty. Dr. Klingenbeck, the defendant, argues that he was relieved of that duty because the plaintiff, Mr. Wills, was already under the care of a physician.
Initially, I note that there is a dispute as to whether Dr. Klingenbeck was aware of the fact that Wills was seeing a physician. Knowledge on the part of Dr. Klingenbeck of whether Wills was seeing a physician would seem to be relevant in determining whether Dr. Klingenbeck was relieved of a duty. Because there was a genuine issue of a material fact with respect to the duty issue, I agree that summary judgment in favor of the defendant on that ground was improper.
However, I feel compelled to point out that this may be a case where plaintiff can establish a breach of duty but no injury that was proximately caused by that breach. If plaintiff can not establish that an injury was proximately caused by the breach of a duty, then he can not recover. Hall v. Booth,423 So.2d 184 (Ala. 1982). Dr. Klingenbeck's argument about Wills's already being under the care of physicians may not affect the outcome of the duty issue, but it may be persuasive in showing *Page 809 
that no harm was caused by the alleged breach.