ALMON, Justice.
Roy Tucker and his wife, Geneva Tucker, were injured when, in an attempt to clear a path for an ambulance operated by Pilcher Ambulance Company, they drove their automobile into an intersection and collided with a truck. They sued the trucking company and its driver, who filed a third-party complaint against Joe H. Pilcher II, d/b/a Pilcher Ambulance Company, and the ambulance operators, Gary Martin and Ron Durham (the “Pilcher defendants”). The Tuckers filed an amended complaint adding claims against the Pilcher defendants. The trial court granted summary judgment for the Pilcher defendants on both the third-party complaint and the complaint. Upon motion, the court found that there was no just reason for delay and made the summary judgment final pursuant to Rule 54(b), A.R.Civ.P.
The Tuckers were stopped in the center lane of three northbound lanes of Reeves Street at a stop light at the intersection of U.S. Highway 231. The ambulance stopped behind them with its siren sounding and its lights flashing. The record indicates that the ambulance could not drive around the Tuckers’ car because of the cars in the lanes to their left and their right. The traffic on Highway 231 stopped, and Mr. Tucker drove into the intersection with his traffic signal still red. He cleared the eastbound lanes and was proceeding across the westbound lanes when his car and the truck collided.
The Tuckers’ claim against the Pilcher defendants alleges in pertinent part:
“5. That the ambulance operated by Pilcher Ambulance Company, in spite of the red traffic light and surrounding vehicles impeding its movement, continued to operate its siren and horn in a loud and reckless fashion;
“6. That as a result of the ambulance’s loud horn and siren, Plaintiff Roy Tucker became frightened;
“7. That as a result of the ambulance’s flashing lights and loud siren and horn, and pursuant to State law, Plaintiff Roy Tucker moved into the intersection to allow the ambulance to pass.”
The complaint also includes a count alleging that these facts constitute wantonness.
It is undisputed that the ambulance was responding to an emergency call when the accident happened. Martin and Durham filed affidavits admitting that they did not turn off the ambulance’s siren or lights when they reached the intersection, but denying that they blew their horn or otherwise signaled for Tucker to enter the intersection before the light changed. The Tuckers did not refute this denial. The affidavits also state that the operators stopped the ambulance 10 to 15 feet behind the Tuckers’ car and that the Tuckers remained at the red light for five to ten seconds; Roy Tucker’s affidavit is consistent with this description of the events. An *654 affidavit by one of the drivers who stopped in the eastbound lane of Highway 231 indicates that the ambulance was moving behind the Tuckers’ car, but only after the Tuckers had proceeded into the intersection.
Alabama Code 1975, § 32-5A-115, reads in part:
“(a) Upon the immediate approach of an ■ authorized emergency vehicle equipped with at least one lighted lamp and audible signal as is required by law, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.
“(b) This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with regard for the safety of all persons using the highways.
“(c) [Authorized lights and sirens described.] This provision shall not operate to relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway nor shall it protect the driver of any such vehicle from the consequences of an arbitrary exercise of such right-of-way.”
The trial court held that “the continued use of the signals, even though the Pilcher ambulance had stopped at a red light, cannot constitute such disregard [for safety] during its operation in an emergency call.”
The Tuckers cite no cases tending to show that the ambulance operators’ failure to turn off the siren was negligent or reckless; they simply cite cases for the general proposition that summary judgment will not ordinarily be appropriate in negligence actions, Searight v. Cummings Trucking Co., 439 So.2d 81 (Ala.1933), and that due care depends upon the facts of the case, Cox v. Miller, 361 So.2d 1044 (Ala.1978).
Under the undisputed facts of this case, however, a jury verdict for the Tuckers could not be sustained. Such a verdict would require a finding that the ambulance operators breached their duty of due care by not turning off the emergency signals when they came to a stop at the red light behind the Tuckers’ car. On the contrary, their duty of due care in responding to an emergency call requires that they use the siren and lights. See, e.g., the cases collected at Annot., 83 A.L.R.2d 383 (1962). The Tuckers claim essentially that, if the ambulance operators had not wanted Mr. Tucker to proceed against the stop light, they should have turned off the siren. However, an emergency vehicle has the right to cross an intersection against a stop light if the traffic stops and the vehicle can safely cross. The fact that the Tuckers were in front of the ambulance did not necessarily prevent it from crossing if they could have preceded it safely. Thus, the ambulance operators did not fall below their standard of care in failing to turn off their siren.
Because there was no genuine issue as to any material fact and because the Pilcher defendants were entitled to a judgment as a matter of law, the court correctly granted their summary judgment. Rule 56, A.R. Civ.P. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.