PER CURIAM.
Okwudili Okafor and his wife, Jennifer, appeal from a judgment based on a jury verdict in favor of William Sanford on their claims of negligence and loss of consortium based on injuries Okwudili sustained when an automobile driven by Sanford hit him. The sole issue on appeal is whether the trial court erred in instructing the jury on the rules of the road with regard to pedestrians.
On September 5, 1983, the Okafors left Baton Rouge, Louisiana, on Interstate 10 East, headed for Mobile. Between 8:45 and 9:00 p.m., the Okafors’ car had a flat tire just outside Mobile at the Tillman’s Corner exit. After they pulled onto the shoulder of the highway, they realized that they had no tools with which to change the tire. Okwudili decided to ask for help at a nearby house. Separating the house from Interstate 10 is a two-lane service road, which branches off from the highway as an exit and then extends for about a quarter of a mile alongside the eastbound lane. Ok-wudili left the car, crossed the concrete median dividing the highway and the exit-service road, and prepared to cross the exit-service road.
At this point, Sanford’s car was traveling east in the left lane of the exit-service road. According to Jennifer, the sun was just setting and it was not completely dark, so that she could see Sanford’s car, with its headlights on, approaching. She stated that Okwudili was standing on the concrete median and had put one foot down onto the exit-service road in the area between the concrete median and the yellow line marking the left lane of the exit-service road, when Sanford’s car hit him.
Ala.Code 1975, § 32-5A-212(a), states, “Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.” After the trial court instructed the jury concerning a pedestrian’s responsibility when crossing streets without crosswalks, one of the jurors asked for a clarification:
“JUROR: Is there a difference between the fact of stepping down off of a curb and looking both ways as opposed to starting across? Is it both against the law, you cannot step off of a curb?
“THE COURT: You’re not to step off of a curb till you can do so with safety. You’ve got to yield. A pedestrian doesn’t just have the right to walk out in front of cars that are lawfully using the highway at a place that’s not marked for pedestrian crossing. Now remember the difference there. If you’re at a place that’s marked for pedestrians to cross or if it’s not marked if it’s at a commonly used intersection then drivers are charged with a responsibility of watching out for pedestrians.”
The Okafors’ counsel objected to this charge for two reasons: 1) that the median in this case was not a “curb,” and 2) that according to Jennifer’s testimony, Okwudili did not step beyond the line marking the side of the road, but into an area that was part of the shoulder and not a traveled *871 portion of the road and, thus, he did not step onto the road and fail to yield to Sanford’s car.
In an attempt to cure any error in his initial charge, the trial judge instructed the jury on the same point the following day:
“THE COURT: ... I want to be sure you understand this. That the law says that a pedestrian who is on a place of safety shall not leave that place of safety and suddenly move out into the traveled portion of the highway unless he can do so without being a hazard to himself or anybody lawfully using the traveled portion of the highway. Pedestrians are required to stay in a place of safety if he has to cross a traveled road until such a time as he can do it without being a hazard to the people lawfully using that highway.”
The Okafors claim that this charge was misleading because § 32-5A-215(b) states that “[wjhere a sidewalk is not available, any pedestrian walking along and upon a highway shall walk only on a shoulder, as far as practicable from the edge of the roadway.”
According to § 32-5A-215(a), a pedestrian can occupy the shoulder of the road, which is where the Okafors assert Okwudi-li was standing. They argue that the trial court’s response, “You’re not to step off a curb until you can do so with safety,” to the juror’s question regarding pedestrians stepping from a curb, effectively charged Okwudili with contributory negligence and a violation of a rule of the road.
“The better policy in dealing with the rules of the road in an oral charge is to quote the applicable statute.” Giles v. Gardner, 287 Ala. 166, 171, 249 So.2d 824, 828 (1971). Because the trial court’s instructions regarding a pedestrian’s responsibility apparently precluded the jury from finding that Okwudili did not violate a rule of the road, we hold that the charge was prejudicial error, and we reverse for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES, BEATTY and ADAMS, JJ., concur.
MADDOX, ALMON, HOUSTON and STEAGALL, JJ., dissent.