MADDOX, Justice.
The trial court entered a summary judgment for the defendant, Birmingham Southern Railroad Company, on the plaintiffs’ claim that Birmingham Southern had negligently maintained a culvert near the plaintiffs’ homes and that, as a result, the plaintiffs’ homes had been damaged by flood water. This appeal ensued.
Plaintiffs are all residents of the Hueytown area of western Jefferson County and they live near a point where the defendant maintains a railroad crossing and culvert. On December 2 and 3, 1983, this area of western Jefferson County experienced 9.26 inches of rainfall. In their complaint, the plaintiffs alleged that the defendant had negligently maintained the culvert and that the negligence had resulted in its becoming blocked with debris, thereby contributing to the flooding of their homes. They filed their suit prior to June 11, 1987; therefore, the “scintilla rule” applies. Ala.Code 1975, § 12-21-12. Under that rule, if a scintilla of evidence exists to support the position of the party against whom a motion for summary judgment is made, summary judgment must be denied. Harold Brown Builders, Inc. v. Jordan Co., 401 So.2d 36 (Ala.1981). Summary judgment is proper only when the pleadings and affidavits submitted by the movant show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Bon Secour Fisheries, Inc. v. Barrentine, 408 So.2d 490 (Ala.1981). We must, therefore, determine whether the plaintiffs have presented a scintilla of evidence that the defendant negligently maintained the culvert so as to exacerbate the flooding of the plaintiffs’ homes.
The plaintiffs in their reply brief have succinctly set out the issue upon which they must produce a scintilla of evidence: “The ... issue ... is whether the culvert was blocked with debris prior to the ... flooding of the plaintiffs’ homes.”
Although our search of the record revealed only scant evidence of the culvert’s blockage prior to the flood, we believe that at least a scintilla. of evidence exists to support the plaintiffs’ claim. “Because of the nature of negligence actions, with their questions of reasonableness, proximate causation, and foreseeability, summary judgment will not ordinarily be granted,” Searight v. Cummings Trucking Co., 439 So.2d 81, 82 (Ala.1983).
For the reasons stated above, we must reverse the summary judgment and remand the cause.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.