This is an appeal from a summary judgment. The sole issue presented is the propriety of summary judgment in light of the facts before the trial court as gleaned from the complaint, Appellees' answer, Appellants' answers to interrogatories and deposition questions, and an affidavit offered by Appellants in opposition to summary judgment.
 THE FACTS
Appellant Marilyn Tripp was admitted to Coffee General Hospital for the delivery of her baby. During that hospitalization, Mrs. Tripp was given three injections (one in each thigh and one in her right hip) by the nursing staff. On the day she was discharged, Mrs. Tripp noticed a red spot at each injection site. During the next two weeks, Mrs. Tripp experienced a gradual worsening of the redness at the injection sites, a fluctuating fever (which finally reached 104°), and stiffness and soreness in her legs. She was taken to the emergency room at the hospital on the Fort Rucker military installation and then transferred to the hospital at Keesler Air Force Base in Biloxi, Mississippi, for treatment of severe gangrene infections in her arms and legs. The damage done to Mrs. Tripp's legs as a result of the infection necessitated both surgery to remove affected tissue and corrective plastic surgery, leaving permanent scarring and physical symptoms.
Mr. and Mrs. Tripp filed a complaint charging Humana, Inc., and its subsidiary, Coffee General Hospital, Mrs. Tripp's physician,[1] and a nurse (Appellee Zeller) with negligent failure to provide Mrs. Tripp with reasonable medical care. Mr. Tripp also alleged that Appellees' negligence in providing medical services to his wife resulted in a loss of consortium to him.
Appellees Humana, Coffee General, and Zeller, by their answer, denied all the material allegations of the complaint and denied *Page 90 
any liability to either Mr. or Mrs. Tripp. Mrs. Tripp's answers to interrogatories propounded by her doctor, prior to his dismissal, contained allegations that Mrs. Tripp's injuries were the result of an infection caused by negligent medical practice, specifically, the lack of sterile techniques and the lack of proper prescription medicine. Mrs. Tripp also testified, in deposition, that she remembers receiving the three injections while hospitalized at Coffee General and that she noticed the red spots at the injection sites the day she was released.
Appellees filed a motion for summary judgment based on the evidence then before the trial court. In addition to their own testimony, Mr. and Mrs. Tripp based their opposition to summary judgment on the affidavit of Joyce Chappelear, a registered nurse, who had reviewed Mrs. Tripp's medical records and had read the depositions of Mr. and Mrs. Tripp. Based upon her education and training and upon her review of the records and testimony, Ms. Chappelear stated her professional opinion:
 "The nurses employed by Humana Hospital, also known as Coffee General Hospital, failed to use proper technique to assure the medical sterility in the preparation of the syringe and needle used to give the injection, the medication given by injection, and the manner in which the injection was given to Mrs. Tripp and . . . this was the source of the infection experienced by Mrs. Tripp. Further, . . . the failure to assure the sterility of the administration of the medication fell below the standard of care required of registered nurses and LPN's who administer drugs by injection in the State of Alabama and the general neighborhood or community of nursing who are of like training, experience, and education. The substandard care by the nursing personnel resulted in the infection in Mrs. Tripp's legs and body."
 THE LAW
"The purpose of the motion for summary judgment is to test the sufficiency of the evidence to determine if any real issue exists." Garrigan v. Hinton Beef and Provision Co.,425 So.2d 1091, 1093 (Ala. 1983). The fundamental principles of law controlling both the propriety of the trial court's determination as to the sufficiency of the evidence on a motion for summary judgment and our review of that determination on appeal are the same, and are so often stated as to be axiomatic. The party moving for summary judgment bears the heavy burden of clearly showing: 1) That there is an absence of a genuine issue of any material fact; and 2) that, because there is no factual controversy, the movant is entitled to a judgment as a matter of law. The facts before the trial court, however, must be viewed in a light most favorable to the nonmoving party. The nonmoving party is entitled to any reasonable inference to be drawn from those facts before the trial court; and, if such inference presents even the slightest issue of material fact, there is a question for determination by a jury and summary judgment cannot be granted. See Ingram v.Akwell Industries, Inc., 406 So.2d 897 (Ala. 1981); Butler v.Michigan Mutual Insurance Co., 402 So.2d 949 (Ala. 1981) (and authorities cited therein); Coggin v. Starke Brothers RealtyCo., 391 So.2d 111 (Ala. 1980).
Moreover, this appeal is from a summary judgment entered in an action wherein the Plaintiff's complaint alleged negligence on the part of Appellees. As the Tripps point out to this Court, summary judgment is rarely appropriate in a case involving a claim for negligence. Because of the nature of negligence actions, issues of fact are almost invariably involved (e.g., reasonableness, proximate causation, and foreseeability) — issues which are not easily established to a legal certainty and the resolution of which, as we noted above, is a prerogative reserved to the jury. See Searight v. CummingsTrucking Co., 439 So.2d 81 (Ala. 1983); Hilburn v. Shirley,437 So.2d 1252 (Ala. 1983); Rivers v. Stihl, Inc., 434 So.2d 766
(Ala. 1983); Ingram v. Akwell Industries, Inc., supra. *Page 91 
 THE HOLDING
We find that the nurse's affidavit testimony was sufficient to supply inferences from which factual conclusions may be drawn and upon which a triable issue of material fact was created. The testimony of Mrs. Tripp as to the immediacy of the onset of the infection, the sites at which the infection began (the injection sites), and the symptoms that followed, coupled with the professional opinion of Ms. Chappelear, yields an inference of cause and effect — an issue of factual proportions tending to prove the Tripps' allegation of negligence. Appellees, therefore, have not reduced the issues of this case to nonfactual questions which would entitle them to a judgment as a matter of law.
Admittedly, Ms. Chappelear's affidavit, in substantial part, is conclusionary, and the jury may or may not accept her opinion when the weight and credibility of her testimony are tested by cross-examination at trial. This, however, is not a determination to be made by the trial court. Grimes v. MasseyFerguson, Inc., 355 So.2d 338 (Ala. 1978). The test for the propriety of a summary judgment is whether any inference is to be drawn from the evidence so as to make out a claim. Here, Mr. and Mrs. Tripp's evidence meets the test and does create that requisite issue of material fact for jury determination.
The judgment of the trial court, therefore, is reversed, and this cause is remanded for trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] The doctor was voluntarily dismissed by Appellants and, therefore, is not a party to this appeal.