This is an appeal from an action against several defendants, including Dr. Fonde and Nurse Bradley. The claims against these two defendants were based on their allegedly inadequate care of plaintiff after he suffered a crushing injury to his hand. The trial court granted summary judgment for both of these defendants.
Cecil H. Therrell, while performing duties within the line and scope of his employment at Scott Paper Company in Mobile, sustained a crushing injury to his left hand. The accident occurred between 10:30 and 10:35 a.m. on November 30, 1981.
After the accident Therrell went to the Scott medical facility at the Scott mill. When he arrived, Nurses Henrietta H. Bradley and Helen K. Jones were on duty. Nurse Bradley examined his hand in a treatment room, gave him a shot of either Vistaril or Demerol, and wrapped his hand in gauze. This treatment took some 5 to 10 minutes. While Nurse Bradley was administering this treatment, Nurse Jones filled out insurance papers and telephoned for a taxi to transport Therrell.
After Nurse Bradley wrapped Therrell's hand, she directed him to wait in the reception room of the facility. Some 30 to 35 minutes later, Dr. William G. Fonde, the company doctor in charge of the medical facility, arrived. He did not examine Therrell, but instead asked one of the nurses what was wrong. According to Therrell, the nurse stated that Therrell had lost a finger, whereupon Dr. Fonde shook his head and walked back to his office.
Sometime between 11:35 a.m. and 12:00 noon a taxi arrived to transport Therrell to the office of Drs. Oswalt and Rouse, to whom the Scott medical facility personnel routinely referred patients who could not be treated at the facility. Therrell and Robert Black, Therrell's co-worker who waited with Therrell in the Scott medical facility and accompanied him to the hospital, stated in their depositions that while they were waiting for the taxi, they asked Nurse Bradley if they could call an ambulance service with which Therrell had coverage or if Black could drive Therrell to the offices of Drs. Oswalt and Rouse. Therrell and Black stated that the nurse denied these requests, but Nurse Bradley stated in her deposition that she had not been asked if Therrell could use his own transportation. There is some indication that Therrell and Black may have thought their insurance would not cover further treatment if they left on their own.
When Therrell arrived at the offices of Drs. Oswalt and Rouse, his hand was X-rayed. After inspecting the hand, Dr. Oswalt sent him to the hospital to be treated by an orthopedic surgeon. Soon after arriving at the hospital, Therrell underwent 3 to 3 1/2 hours of surgery on his hand. Therrell's left middle finger was amputated at the first knuckle and his left index finger had steel pins put in it. At the time of this suit Therrell had not regained full use of either his index finger or his little finger.
Therrell filed suit against Scott Paper Company, Dr. William G. Fonde, Nurse Henrietta H. Bradley, and Nurse Helen K. Jones. On June 11, 1982, the complaint was dismissed as to Scott Paper Company. That decision was affirmed by this Court in Therrellv. Scott Paper Co., 428 So.2d 33 (Ala. 1983).
The complaint against Dr. Fonde and the nurses included three counts: (1) that the defendants negligently allowed him to go without treatment for nearly four hours and negligently failed to provide him with emergency transportation; (2) that the aforesaid conduct was "so gross, willful, wanton, and outrageous it would be impossible for any ordinary person to bear up *Page 1048 
thereunder"; and (3) that the defendants negligently failed to properly diagnose and treat his injury.
The trial court initially granted summary judgment for Jones but denied the summary judgment motions of Fonde and Bradley. They later renewed their summary judgment motions and the trial court granted summary judgments in their favor. Therrell appeals only as to defendants Dr. Fonde and Nurse Bradley.
Fonde and Bradley argue that the trial court properly granted summary judgment in their favor because Therrell did not present any expert medical testimony to the effect that they deviated from accepted medical and nursing practices in their treatment. Further, they argue that Therrell's allegation of outrageous conduct is also governed by the Alabama Medical Liability Act, Code 1975, § 6-5-480 et seq., citing Thomassonv. Diethelm, 457 So.2d 397 (Ala. 1984). Assuming this allegation to be an attempt to plead the tort of outrage, we do not decide whether such a claim would be subsumed under the Medical Liability Act, because the acts alleged here were not "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."American Road Service Co. v. Inmon, 394 So.2d 361, at 365 (Ala. 1980).
The only claims stated, therefore, are governed by the Medical Liability Act. In regard to such claims, expert testimony is ordinarily required to establish that the defendants have breached their standard of care. TuscaloosaOrthopedic Appliance Co. v. Wyatt, 460 So.2d 156 (Ala. 1984);Holt v. Godsil, 447 So.2d 191 (Ala. 1984); Zills v. Brown,382 So.2d 528 (Ala. 1980). However, in a case where the want of skill or lack of care is so apparent as to be understood by a layman, and only common knowledge and experience are required to understand it, expert medical evidence is not required.Tuscaloosa Orthopedic Appliance Co., supra; Lloyd NolandFoundation, Inc. v. Harris, 295 Ala. 63, 322 So.2d 709 (1975);Parrish v. Spink, 284 Ala. 263, 224 So.2d 621 (1969).
Given Therrell's and Black's testimony that Bradley refused to allow speedier transportation and that Fonde did nothing to prevent this delay and did not even look at Therrell's hand, the record in this case presents sufficient evidence to withstand a motion for summary judgment. The facts presented in opposition to the motion exhibit such a want of care that no medical expert is needed to testify that this falls below the standard of care. Although the doctors who treated Therrell's hand gave affidavits that the loss was determined by the initial accident, it appears that Therrell could show the injury of extended pain and suffering from the asserted indifferent treatment and unnecessary delay. Because Therrell has produced at least a scintilla of evidence of breach of the standard of care and of injury proximately resulting therefrom, the trial court erred in granting summary judgment for these defendants. See Rule 56 (c), A.R.Civ.P. The judgment is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES and ADAMS, JJ., concur.