MADDOX, Justice.
This appeal arises from the grant of summary judgment for defendant Dr. Campbell on all counts in an action arising from an on-the-job injury to the plaintiff.
The plaintiff, Michael, Roper, was employed as a framing carpenter at the time of his injury. He was at that time working on the renovation of a medical office owned by Dr. Lory Campbell, a defendant here. Hubert Walley, the other defendant, was also a carpenter on this renovation project, and his status on that renovation job is a critical question in this case.
The facts indicate that Dr. Campbell left an established medical group to open his own office. He commissioned a draftsman to draw plans for the conversion of a dwelling house into a suitable office, and contacted Hubert Walley to have him perform the work. Dr. Campbell testified that he knew of Walley’s work from having seen a similar job Walley had performed at the Mobile Diagnostic Center. The defendants discussed the project and orally agreed how the work would be done. The status of this oral agreement is unclear, but at some pont, Walley and a number of other workers began the renovation work for Dr. Campbell. In the course of this work, plaintiff Roper was struck in the eye by a flying nail and suffered a severe injury.
Roper brought this action in an attempt to obtain workmen’s compensation and other benefits as a result of his injury. In his complaint, as finally amended, he alleged (1) that Dr. Campbell and Walley were his employers for workmen’s compensation purposes, (2) that Dr. Campbell had either actual control, implied control, or a right of control over Walley, who plaintiff alleged to be Dr. Campbell’s agent, servant, or employee, thus making Dr. Campbell liable under common law negligence, (3) that Dr. Campbell and Walley were liable for his injuries under the Alabama Employer’s Liability Act, § 25-6-1 et seq., Ala.Code 1975, and (4) that he was the intended third-party beneficiary of an agreement between Dr. Campbell and Walley that allegedly required Dr. Campbell to provide all necessary insurance for the project, including workmen’s compensation coverage.
Defendant Walley asserted, in response to the plaintiff’s contentions, that he was merely the head carpenter on the project, that he was not the plaintiff’s employer, and that he was merely an employee of Dr. Campbell. Roper characterized Dr. Campbell as the “general contractor.”
Defendant Dr. Campbell, on the other hand, contends that he was not the plaintiff’s employer, but rather that he hired Walley to do the job as an independent contractor, and that all of the workers on the job were in fact employees of Walley.
Obviously, the first issue to be decided is the status of the Dr. Campbell/Walley relationship, for that will establish what duty, if any, Dr. Campbell owed to the plaintiff under the plaintiff’s first three counts.
The distinction between an employee and an independent contractor is well established under Alabama law. The leading case on this point is Solmica of the Gulf Coast, Inc. v. Braggs, 285 Ala. 396, 232 So.2d 638 (1970). In Solmica, this Court held that evidence on the issue of whether an aluminum siding applicator — whom the seller had paid a specified sum per square foot for applying the siding, who furnished his own truck to haul the materials, who secured additional help as needed, whose wages were not subject to Social Security or other withholding deductions, who could be pulled off the job by the seller, and who, in the usual course of business, was permitted to pick up materials after regular office hours — was an employee of the seller rath *756 er than an independent contrator presented a question for the jury. There, this Court held:
“For one to be an employee, the other party must retain the right to direct the manner in which the business shall be done, as well as the results to be accomplished, or, in other words, not only what shall be done, but how it shall be done. Weeks v. C.L. Dickert Lumber Co., 270 Ala. 713, 121 So.2d 894 and cases there cited.”
The Court also wrote:
“It is the reserved right of control rather than its actual exercise that furnishes the true test of whether the relation between the parties is that of an independent contractor or of employer and employee — master and servant. Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757.”
Id. 285 Ala. at 398, 232 So.2d at 640.
After an examination of the facts in this case, we are convinced that the circuit court improperly granted summary judgment.
Whether one is working as an independent contractor or as an employee depends upon the particular facts of each case. Pate v. United States Steel Corp., 393 So.2d 992 (Ala.1981). As we held in National Security Fire & Casualty Co. v. Bowen, 447 So.2d 133 (Ala.1983), questions of this sort must be decided on the facts and not by how the parties characterize the relationship. We recognize that defendant Walley attempted to show that he was not the plaintiffs employer. He stated that he is not a contractor and does not operate a contracting business, that he is not licensed to act as a contractor, and that in fact, Dr. Campbell is listed on the building inspector’s forms as the general contractor. Further, Walley shows that he was paid by the hour, as the other employees were, and that he did not receive a percentage of the total cost of the job; he maintains that Dr. Campbell made all of the decisions, including choosing the subcontractors, and that any changes had to be approved by Dr. Campbell. Finally, he asserted that Dr. Campbell did all of the hiring and firing and that Dr. Campbell retained control over the job in that he could control the number of workers required for the job by altering his deadline for completion. Dr. Campbell, however, claimed that Walley was an independent contractor; therefore, there is a material issue of fact still existing in the case.
Summary judgments are rarely appropriate in negligence actions, Tripp v. Humana, Inc., 474 So.2d 88 (Ala.1985), and when the matter of the relationship — i.e., employee as opposed to independent contractor— is disputed, as it is here, summary judgment is inappropriate. Cf. Solmica, supra.
Having thus concluded that the trial court was incorrect in granting summary judgment on the plaintiff’s claims based on the Workmen’s Compensation Act, the Alabama Employer’s Liability Act, and common law negligence, we need not address the plaintiff’s fourth claim, that he was an intended third party beneficiary of a contract, which was apparently based on the theory that Dr. Campbell had assumed an obligation to secure workmen’s compensation coverage.
Based on the foregoing, we reverse the judgment of the trial court and remand the cause.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.