BEATTY, Justice.
Plaintiff, Elbert Jones, Jr., appeals from summary judgment rendered in favor of defendant, Elmer Taylor, in plaintiff’s action to recover damages for personal injuries resulting from the alleged negligent or wanton operation of defendant’s automobile. We reverse and remand.
Plaintiff Jones was a patient at the Veterans’ Administration Hospital in Tuskegee. The defendant, Elmer Taylor, is a retired physician who formerly practiced medicine at the hospital and who continues *605 some professional involvement there. Since the only question presented here is the propriety of summary judgment, we will proceed to examine the materials in support of Dr. Taylor’s motion for summary judgment and those offered by Mr. Jones in opposition.
According to Dr. Taylor’s deposition, his automobile had been parked in a space in the parking lot of the hospital grounds, with automobiles on either side of his own. Dr. Taylor stated that after he had received his mail at the hospital, he returned to his car. His testimony continued:
“And then I proceeded to leave, to back on out, you see, as I told you, at a right angle. And then I heard a terrific noise. I didn’t know what the heck it was. I looked around and couldn’t see anything. And my car is equipped with mirrors on both sides as well as a center mirror. I couldn’t see anybody. Then I proceeded to back on out. And then after that, I guess about thirty, forty feet from coming out to go around the other parking area, I noticed that the fellow was— somebody was on the ground. I stopped my car and moved off and went back and asked them what is happening.
“Q. Okay. Now, you said you heard a loud noise?
“A. Yes.
“Q. Were you in the process of backing up when you heard the loud noise?
“A. I had probably not even started because ordinarily after cranking the car up, you have to look around because with that type of parking you really can't see anything until you get out to a certain distance.
“Q. Well, weren’t you backing up when you heard this loud noise?
“A. It was essentially the car was not really moved — moving rather when I heard this loud noise.”
Dr. Taylor persisted in maintaining that his car was not moving at the time he heard the noise and that plaintiff had, instead, struck Dr. Taylor’s car.
On the other hand, the affidavit of Elbert Jones, Jr., gave a different version of the occurrence:
“On March 26, 1986, at approximately 10:00 a.m., I was walking from Building 90 where activities for the veterans are usually held to Building 44 where I was to receive instruction on operating a printing press at the Veterans’ Hospital in Tuskegee, Alabama. On the way to Building 44, I passed through a parking lot and observed Mr. Jack Holloway, a patient on Ward 68, walking behind a vehicle being driven by the Defendant, Dr. Elmer Taylor. Dr. Taylor was backing his vehicle from a parked position in parking space 5. I shouted to Dr. Taylor but he continued backing up his vehicle. I called out to Mr. Holloway to watch out for the car. Mr. Holloway apparently did not hear me since his hearing, speech and vision are substantially impaired. I ran to help Mr. Holloway and while doing so Dr. Taylor’s car struck me, hitting the lower part of my back. I attempted to jump to avoid some of the impact from Dr. Taylor’s car since he continued backing up his vehicle.
“As a result of this accident, I suffered injuries to my back and other bruises, abrasions and contusions. I did not intentionally jump into Dr. Taylor’s car. I was attempting to help Mr. Jack Holloway who is physically impaired. I did not attempt to stage any accident. I did not jump onto Dr. Taylor’s car but instead Dr. Taylor’s car ran into me.”
Defendant also submitted the affidavit of Jimmie L. Tate:
“My name is Jimmie L. Tate. I am over the age of nineteen and I have personal knowledge of the following facts: I am an employee of the Veterans’ Administration Medical Center in Tuskegee, Alabama. On or about March 26th, 1986, I had parked my vehicle in the parking lot adjacent to the front door of Building No. 10 at the Veterans’ Administration Medical Center in Tuskegee. At that time, my attention was called to two black males walking toward me side by side talking. I also noticed a brown automobile backing out of parking space No. 5 near where the men were walking. I later found out that the person driving *606 this car was Dr. Elmer Taylor, the defendant in the above referenced lawsuit. As I watched, the two men approached the back of Dr. Taylor’s car. Suddenly, one of the men jumped onto the back of Dr. Taylor’s car and rolled off the side of the car. It appeared to me that this man intentionally jumped onto Dr. Taylor’s car and I did not see Dr. Taylor’s car make any contact with the man prior to the time that the man jumped. Based upon my observations at that time, I formed the opinion that the person who jumped onto the back of Dr. Taylor’s car was attempting to stage an accident, in other words, make it appear that Dr. Taylor had run into him. From my vantage point, however, I could see that Dr. Taylor did not run into the man but that the man jumped up onto Dr. Taylor’s car.”
Although this affidavit in some respects supports the defendant’s version of the event, it also conflicts with plaintiff’s evidence regarding the cause of the accident. Thus, there is no clear showing of an absence of a genuine issue of material fact, and summary judgment was improperly granted. Tripp v. Humana, Inc., 474 So.2d 88 (Ala.1985); Rule 56, A.R.Civ.P.
Let the judgment be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.