Sara Walker brought an action against Southeast Alabama Medical Center ("Southeast"), alleging that she had been injured by negligence on the part of Southeast; her husband Dewey joined her action, seeking recovery for loss of consortium and her medical expenses. Southeast filed *Page 770 
a motion for summary judgment, which the trial court granted. The Walkers appeal.
The affidavits and depositions submitted in opposition to the summary judgment motion would tend to support findings of the following facts: In March 1980 Sara Walker was a patient at Southeast, suffering from an ear infection. On March 17, 1980, while she was in the restroom, she fainted and had to be helped back to bed. Afterwards, when her doctor came to see her, he told her that he had been advised that she had fainted. The doctor told the nurse that the bedrails on Mrs. Walker's bed were to be left up at all times. Later that night, Mrs. Walker informed a nurse that she was in pain. The nurse lowered one of the bedrails, gave Mrs. Walker a shot of demerol and phenergen, and left the room without raising the bedrail. In the early hours of the following morning, Mrs. Walker fell off the bed and injured a knee, her back, and her head.
The above version of the facts is supported, for example, by the affidavit of Mrs. Laverne Ledbetter, who was in the other bed in Mrs. Walker's semi-private room. She stated:
 "On Tuesday, March 17, 1980, around 4:00 p.m., Mrs. Walker had to go to the restroom. Mrs. Ethel Sellers, Mrs. Walker's mother, was there at the time and she assisted her daughter to the restroom. While in the restroom, Mrs. Walker fainted and had to be helped back to her bed with the assistance of an aid, [a] nurse, and Mrs. Sellers. The doctor came by and checked Mrs. Walker, gave her a shot, and ordered that the rails be kept up at all times. Around 8:30 p.m., the nurse came in and gave Mrs. Walker another shot and at that time left the room, leaving the rails down. It was during the early morning hours of March 18, 1980, that Mrs. Walker somehow managed to get out of bed and fell. I thought she was dead and began screaming for the nurses."
"The purpose of the motion for summary judgment is to test the sufficiency of the evidence to determine if any real issue exists." Tripp v. Humana, Inc., 474 So.2d 88, 90 (Ala. 1985);Garrigan v. Hinton Beef Provision Co., 425 So.2d 1091, 1093
(Ala. 1983). The fundamental principles of law controlling both the propriety of the trial court's determination as to the sufficiency of the evidence on a motion for summary judgment and appellate review of that determination are the same, and are so often stated as to be axiomatic. The party moving for summary judgment bears the burden of showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Ala.R.Civ.P. The facts before the trial court, however, must be viewed in a light most favorable to the nonmoving party. The nonmoving party is entitled to any reasonable inference to be drawn from those facts before the trial court, and, if such facts and inferences present a question for determination by a jury, summary judgment cannot be granted. Tripp, supra. See also Ingram v. Akwell Industries, Inc., 406 So.2d 897
(Ala. 1981); Butler v. Michigan Mutual Insurance Co.,402 So.2d 949 (Ala. 1981) (and authorities cited therein); Coggin v.Starke Brothers Realty Co., 391 So.2d 111 (Ala. 1980).
When viewed in a light most favorable to the Walkers, the evidence presented to the trial court tends to show that, although Mrs. Walker's doctor ordered that the bedrails remain up, a nurse lowered one of the rails, and that the lowering of the rail allowed Mrs. Walker to fall off the bed, causing injuries to her knee, back, and head. This evidence clearly presents a fact question for a jury as to whether Southeast was negligent.
Southeast argues that the trial court properly entered summary judgment in its favor because the Walkers did not present any expert medical testimony to the effect that it deviated from accepted medical practices in its treatment.
The claim stated by the Walkers is governed by the Alabama Medical Liability Act, Ala. Code 1975, § 6-5-480 et seq. In regard to such claims, expert testimony is ordinarily required to establish that the defendants have breached their standard of *Page 771 
care. Therrell v. Fonde, 495 So.2d 1046 (Ala. 1986); TuscaloosaOrthopedic Appliance Co. v. Wyatt, 460 So.2d 156 (Ala. 1984);Holt v. Godsil, 447 So.2d 191 (Ala. 1984); Zills v. Brown,382 So.2d 528 (Ala. 1980). However, in a case where the want of skill or lack of care is so apparent as to be understood by a layman, and only common knowledge and experience are required to understand it, expert medical evidence is not required.Therrell, supra; Tuscaloosa Orthopedic Appliance Co., supra;Lloyd Noland Foundation, Inc. v. Harris, 295 Ala. 63,322 So.2d 709 (1975); Parrish v. Spink, 284 Ala. 263, 224 So.2d 621
(1969).
At least for purposes of the summary judgment motion, this case falls within the exception to the expert evidence requirement. The breach of care alleged by the Walkers — that the bedrail was left in the down position contrary to the orders of Mrs. Walker's doctor — is so apparent as to be understood by a layman.
For the foregoing reasons, the trial court erred in entering summary judgment for Southeast. The judgment is therefore reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.