ALMON, Justice.
Progressive Insurance Company brought an action seeking declaratory relief against Alva Phifer, as administratrix of the estate of Jannie Jyleen Phifer; Alva Phifer, individually; Deborah Woods Carlisle, as ad-ministratrix of the estate of Lyda Mae Woods; B. Clark Carpenter, Jr., as administrator ad litem of the estate of Manuel Anthony Smith; and Fredonia Norman, as administratrix of the estate of Calvin Rani-er Norman (hereinafter collectively referred to as “Phifer”). Specifically, Progressive sought a declaration that there was no coverage under its policy in regard to a certain accident. The trial court granted Progressive’s motion for summary judgment and entered judgment accordingly. Phifer appeals.
On June 11, 1987, an automobile owned by Jannie Keith and insured by Progressive was involved in an accident. Manuel Smith, who was driving Keith’s automobile; Calvin Norman, a passenger in the automobile; and two occupants of a second automobile, Jannie Phifer and Lyda Woods, were killed. The insurance policy on Keith’s automobile provided for coverage when someone else was driving the automobile with Keith’s permission.
Lawsuits were filed on behalf of Jannie Phifer, Lyda Woods, and Calvin Norman. Progressive then instituted this action, arguing that Smith had not had Keith’s permission to drive the automobile and that, as a result, no coverage was in effect at the time of the accident.
*876 The standard for review of a summary-judgment is well settled. The party moving for summary judgment bears the burden of showing “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), Ala.R.Civ.P. See, e.g., Walker v. Southeast Alabama Medical Center, 545 So.2d 769 (Ala.1989).
The following facts are undisputed. On June 11, 1987, Keith, Margie Swain, Ozell McGee, Norman, and Smith went in Keith’s automobile to a baseball game. While at the game, they met with Diane Funder-burg. After the game, Smith drove Keith’s automobile to Funderburg’s house with Keith, Swain, McGee, and Norman as passengers. When they arrived, Smith asked Keith if he could drive her automobile “up the road.” Keith replied, “No. Do not move my car.” Keith, however, left her keys in the ignition. Everyone except Smith and Norman went inside Funder-burg’s house. Approximately five minutes later, Keith realized that Smith had taken her automobile. Shortly thereafter, the accident occurred. Funderburg testified in her deposition that she heard Keith tell Smith that he was not to move her automobile.
Phifer argues that, although Keith specifically told Smith that he was not to drive her automobile, the act of leaving the keys in the ignition constituted implied permission. We disagree. It is clear from the record that Smith asked for permission to drive Keith’s automobile. It is equally clear that Keith refused to give permission. The mere fact that Keith left the keys in the ignition simply does not overcome her express denial of permission.
Phifer argues that evidence of Keith’s statement to Smith denying him permission to drive the automobile should not have been considered because, Phifer argues, it violates the Dead Man’s Statute, Ala.Code 1975, § 12-21-163. This issue was not raised in the court below, and therefore cannot be the basis for reversal on appeal. See, e.g., City of Rainbow City v. Ramsey, 417 So.2d 172 (Ala.1982).
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.