KENNEDY, Justice.
This is an appeal of a summary judgment entered in favor of the defendant. We reverse and remand.
The issue is whether the plaintiff presented any evidence that the defendant was negligent and/or wanton.
When determining whether summary judgment is appropriate, a court must view the evidence and any inferences from it in a light most favorable to the nonmov-ing party. Tripp v. Humana, Inc., 474 *907 So.2d 88, 90 (Ala.1985). Viewed in a light most favorable to the nonmoving party, the plaintiff, the evidence is as follows:
On the evening of May 27, 1988, Patricia Inge and her boyfriend, Robert Dunsmore, attended a parade in Montgomery. At the conclusion of the parade, Mr. Dunsmore got into his automobile and attempted to drive home to Wetumpka. Ms. Inge followed Mr. Dunsmore in her automobile. On Federal Drive, a four-lane road divided by a median, Mr. Dunsmore’s auto began malfunctioning. He stopped the car on the right shoulder, raised the hood, and looked at the engine. At the time, his car was on the shoulder of the northbound lanes.
Shortly thereafter, Ms. Inge’s car passed Mr. Dunsmore in the northbound lanes. After noticing his car, she turned around at a break in the median and parked her car on the shoulder of the southbound lanes. She then got out of her car to cross the road to Mr. Dunsmore’s auto. Before crossing, Ms. Inge allowed one automobile to pass. She then proceeded to walk across the southbound lanes, but before reaching the median, she was struck by an automobile driven by the defendant, David F. Nelson. Ms. Inge was killed in the accident. The accident occurred approximately 25 minutes after the sun had set. Approximately one hour after the accident, the Montgomery Police Department administered an alcohol breath test on Nelson that showed his blood alcohol content to be .073%. Prior to the accident, Nelson had consumed a minimum of three beers.
Lynda Inge, the administratrix of Patricia Inge’s estate, filed a wrongful death suit alleging negligent and wanton conduct on the part of David Nelson. After the trial court entered summary judgment, this appeal followed.
The record does not reveal whether Nelson was driving with his headlights on at the time of the accident. If, as the plaintiff contends, they were not on, then Nelson’s failure to turn them on after sundown, combined with his operation of the automobile after drinking a minimum of three beers, could be found to constitute both negligence and wantonness. In a case such as the present one, where there is a question as to the degree of culpability of the defendant, we have stated the following:
“Whether the action of defendants’ driver resulted from mere inadvertence or inattention, which would be nothing more than negligence; or whether the driver’s action resulted from a conscious indifference to the likely or probable consequences, which would be wantonness, was a question for the jury.”
Culpepper & Stone Plumbing & Heating Co. v. Turner, 276 Ala. 359, 365, 162 So.2d 455, 461 (1964).
Accordingly, the trial court’s judgment is reversed and this cause is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES and ADAMS, JJ„ concur.
MADDOX and STEAGALL, JJ., concur in part and dissent in part.
HOUSTON, J., concurs specially in part and dissents in part.