The plaintiff appeals from a summary judgment for the defendants, John W. Johnson and Citizens National Bank of Shawmut. We affirm.
 FACTS
In 1983, Dollie Mae Finch died. Her will named the plaintiff, Jerry R. Williams, as executor of her estate. After specific bequests to other family members, the will left to Williams one-half of the remainder of the estate. The Finch estate consisted primarily of 2 large tracts of land, one in Lee County containing approximately 439 acres and one in Chambers County containing approximately 840 acres.
Dollie Mae Finch and Williams had borrowed money from the Production Credit Association of Opelika; they had executed a promissory note and Dollie Mae Finch had executed a mortgage on the Lee County property to secure the payment of that note. It is clear that this debt secured by the Lee County property was a personal debt of both Williams and Dollie Mae Finch. On February 8, 1984, Production Credit Association assigned the promissory note and mortgage to CNB in exchange for payment by CNB of the remaining indebtedness, in the amount of $171,279.74.
As executor of the Finch estate, Williams was initially represented by attorney W.O. Walton, who had prepared Ms. Finch's will. In 1984, Mr. Walton's services were terminated, and the defendant Johnson was hired to represent the Finch estate and Williams, as the executor of the estate. In that capacity, Johnson assisted Williams in a $26,100 loan transaction with CNB. The $26,100 loan transaction is the central dispute in the case.
On or about February 8, 1984, CNB had lent Williams $26,100.00, the loan being evidenced by a promissory note signed by Williams both in his capacity as executor of the Finch estate and in his individual capacity. Williams's wife, Lou O. Williams, also signed the promissory note. To secure payment of the note, Williams, individually and in his capacity as executor, executed a mortgage on the Lee County and Chambers County properties. Williams's wife also executed the mortgage on the two properties. The loan proceeds were applied to payment of obligations of the Finch estate, including certain reimbursements to Williams for out-of-pocket expenses paid on behalf of the estate.
The debts owed to CNB by Williams, individually and as executor, were not paid. In December 1985, Johnson resigned from representation of the Finch estate and from representation of Williams as executor of the estate. Johnson had represented CNB on occasion and wanted to avoid any potential conflict of interest when CNB took legal action against Williams for not paying the debt. Johnson also owned stock in CNB.
On February 6, 1987, CNB foreclosed on the mortgage given by Dollie Mae Finch to Production Credit Association on the Lee County property, which had been assigned to CNB. CNB purchased the property at the foreclosure sale for $228,980, which sum was credited to the indebtedness of the Finch estate and Williams.
On April 6, 1988, the circuit court ordered the Chambers County property sold to satisfy bequests to specific legatees under the Finch will. That property was sold at public auction.
Williams sued CNB and Johnson. Williams makes four claims against CNB: (1) that the $26,100 loan was illegal and should be declared null and void, (2) that CNB was unjustly enriched, (3) that CNB had committed fraud, and (4) that CNB had engaged in a conspiracy. Williams contends that Johnson's actions as attorney for the Finch estate and Williams, in his capacity as executor, resulted in (1) a breach of fiduciary duty, (2) negligence, (3) fraud, and (4) conspiracy. On October 14, 1988, the Circuit Court of Chambers County *Page 637 
entered a summary judgment in favor of CNB. The judge later entered a Rule 54(b), A.R.Civ.P., certification of finality. On June 19, 1989, the Circuit Court of Chambers County entered a summary judgment in favor of Johnson.
 SUMMARY JUDGMENT
In reviewing a summary judgment, a court must view the evidence in a light most favorable to the non-moving party.Tripp v. Humana, Inc., 474 So.2d 88, 90 (Ala. 1985). The party opposing the summary judgment must establish the existence of a genuine issue of material fact and the moving party must be entitled to a judgment as a matter of law. Id. Williams has not met this burden in the instant case.
 Did the Court Err in Granting Summary Judgment for CNB? (1) The claim that the $26,100 loan was illegal and should be declared null and void
Williams argues that CNB cannot enforce the $26,100 loan it made to Williams because the loan was illegal. CNB concedes that Williams had no authority as executor to mortgage the real property of the estate. However, Williams also signed the mortgage and promissory note in his individual capacity. Consequently, even if the estate is not liable, Williams remains individually liable for the amount of the loan. His absence of authority as executor has no effect on his liability for the loan in his capacity as an individual. The circuit court correctly concluded that Williams's lack of authority as executor of the estate to mortgage the property did not invalidate the indebtedness as to Williams in his individual capacity.
Williams also alleges that the mortgage from Dollie Mae Finch to Production Credit Association, had been satisfied before the foreclosure sale. Williams contends that the foreclosure sale, therefore, should not have been held. However, evidence offered by CNB plainly showed that the mortgage had not been satisfied before the sale and Williams produced no evidence to contradict CNB's evidence. The court was left with no alternative but to consider CNB's evidence as uncontroverted. Whatley v. CardinalPest Control, 388 So.2d 529 (Ala. 1980). The court properly granted the summary judgment, as there was no evidence that the debt had been satisfied.
 (2) Unjust enrichment claim
Williams claims that CNB's interest rate of 15% per annum on the promissory note for the $26,100 loan unjustly enriched CNB. The prime interest rate on the date the note was signed was 13%. The court correctly concluded there was no triable issue on the claim of unjust enrichment, as there was no evidence presented to indicate unjust enrichment.
 (3) Fraud claim
Williams claims that CNB had an obligation to tell him that, as executor, he had no authority to mortgage the estate's property. Williams contends that in allegedly failing to so notify Williams, CNB committed fraud. In order to establish a fraud claim, a plaintiff must produce evidence of a present intent on the part of the defendant to deceive the plaintiff by suppression or active concealment of a material fact. Ala. Code 1975, § 6-5-102. Further, the suppression of the material fact must have led the plaintiff to reasonably rely on the fact to his detriment. Crowder v. Memory Hill Gardens, Inc.,516 So.2d 602 (Ala. 1987). As the circuit court correctly concluded, there is not a scintilla of evidence that CNB, at the time the promissory note was executed, had a present intent to deceive Williams or that it suppressed any material fact. On the contrary, there was evidence in other documents presented to the court which indicated Williams knew he did not have the authority as executor of the Finch estate to mortgage the property. Also, Williams continues to be liable on the $26,100 loan because he signed the loan documents as an individual. Williams has not proven fraud with respect to signing the note as an individual. *Page 638 
 (4) Conspiracy claim
Williams produced no evidence regarding a conspiracy between Johnson and CNB. Although Johnson had represented CNB on occasion and owned stock in CNB, there was no evidence presented of a conspiracy.
We conclude that the circuit court properly entered the summary judgment in favor of CNB as to all claims made by Williams.
 Did the court properly enter the summary judgment in favor of Johnson? (1) Breach of fiduciary duty claim
Williams claims that Johnson breached his fiduciary duty as legal representative of the estate by placing his own interests and those of CNB ahead of Williams's interests. Williams alleges that Johnson's allowing Williams to enter into the loan agreement as executor constituted a breach of that duty. However, the evidence indicates that Williams was aware that, as executor, he lacked authority to mortgage the property. On January 26, 1984, before the loan transaction with CNB on February 8, 1984, Williams applied to the Internal Revenue Service for an extension of time in which to pay estate taxes. The application required Williams, as executor, to explain why an extension was needed. He stated in the application that he did not have the authority, as executor, to mortgage the real property of the estate. Thus, Williams had knowledge that as executor he lacked the authority to mortgage the estate.
There was no evidence presented in opposition to the motion for summary judgment showing that Johnson had breached a duty by allowing Williams, as executor, to enter into the loan transaction. Williams's knowledge of the limitation of his authority as executor estops him from asserting this claim.Courington v. Birmingham Trust National Bank, 347 So.2d 377
(Ala. 1977).
Williams also remains individually liable on the debt. Williams has not denied that he executed the documents relating to the $26,100 loan and the mortgage in his individual capacity and has made no claim of breach of fiduciary duty with respect to executing the documents as an individual.
A necessary element to be proven in an action alleging breach of duty is damages. Williams has not shown any damages resulting from the loan. As executor and as an individual, he has had the benefit of the $26,100 loan transaction. If any damage has been suffered, it was caused by Williams's failure to liquidate the real property and pay the estate's indebtedness.
 (2) Negligence claim
Williams's negligence claim is based upon the alleged breach of fiduciary duty by Johnson concerning the loan transaction. Again, Williams had knowledge of his lack of authority as executor to mortgage the estate property.
Williams is individually liable on the debt and is not claiming negligence as to Johnson's duty to him as an individual.
 (3) Fraud claim
Williams's claim as to fraud by Johnson in his capacity as attorney for the estate and Williams, as executor, is also based on the loan transaction. The trial court specifically concluded that there was not a scintilla of evidence presented by Williams that Johnson had a present intent to deceive or that Johnson suppressed any material fact regarding the loan transaction. We agree.
 (4) Conspiracy claim
Williams has produced no evidence regarding a conspiracy between Johnson and CNB.
The circuit court properly entered the summary judgment in favor of Johnson. We affirm.
AFFIRMED.
ALMON, SHORES and HOUSTON, JJ., concur.
JONES, J., concurs in the result. *Page 639